## Trinity Universal Ins. Co. et al. v. Mills.

March 2, 1943.

Hiram H. Owens for appellants.

G. L. Dickinson and Zeb A. Stewart, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER— Reversing.

This action was filed by appellee, Jeff Mills, against the C. I. T. Corporation, and appellants, Trinity Universal Insurance Company and the Black Motor Company, who will be referred to as the corporation, the insurance company, and the motor company, respectively.

In September, 1939, appellee purchased from the motor company a Dodge truck, and financed its payment by the execution of a conditional sales contract, which was duly assigned to the corporation. At that time a policy of insurance was issued indemnifying him against loss to the truck occurring by fire. The limit of liability contained in the policy was recited to be $850 at the commencement of the term of 18 months that the policy was to remain in force, this amount to be reduced at the rate of five per centum per month throughout the term. On September 13, 1940, the limit so reduced amounted to the sum of $340. On that date the truck was partially destroyed by fire. In settlement of the claim, the insurance company agreed with appellee that it would cause the truck to be repaired in as good condition as it was immediately before the fire. This agreement was made in Knox county. The parties agreed that the actual repair work might be performed by the motor company. They thereupon called the motor company at its place of business in Harlan county, and engaged it to make the repairs. Several weeks later the motor company notified appellee that the truck had been repaired. Upon inspection, appellee refused to accept the truck because of the condition of the paint. The motor company agreed to, and did, repaint the truck and again called upon appellee to accept the work. Approval was again withheld upon the ground that the truck, in other respects, was not in as good condition as it was immediately before the fire. The motor company refused to make additional repairs. On the day of the fire, appellee was in default of payment of two installments due the corporation under the provisions of the conditional sales contract. He testified that during the negotiations for adjustment of the loss, the corporation, through appel-

lants acting as its agents, agreed to defer collection of past due installments, and those to become due, until he regained the use of the truck after the repairs were made. The agent for the corporation testified that he agreed to defer the installments to become due while the work of repair was in progress, upon consideration that appellee immediately pay the past due installments. The correct version of this incident is not material to a decision of the case. In either event, the corporation, by registered letter dated December 20, 1940, notified appellee that unless he paid the past due installments it would repossess the truck and offer it for sale on December 30, 1940, under the provisions of the conditional sales agreement. Appellee claims that he did not receive this notice until the day of the sale. The sale was had in Harlan county on the day appointed, resulting in the purchase of the truck by the motor company for the exact amount of the unpaid balance of the obligation contained in the conditional sales agreement.

In January, 1941, this action was instituted by appellee against the corporation, the motor company, and the insurance company, jointly, wherein the above facts were alleged, and recovery sought against appellants in the amount of $1,200 for breach of their contracts to place the truck in as good condition as it was before the fire occurred, and, for damages in the amount of $300 for loss of the use of the truck. He additionally sought damages in the sum of $1,200 because appellants permitted the corporation to wrongfully sell the truck. Since we are unable to comprehend the meaning of the remainder of the prayer of the petition, we will quote its exact words: "and he further prays that the defendant C. I. T. corporation be made a defendant here and be required to make answer and set out their stipulations as herein stated."

Summons was served on the insurance company through its process agent, the Commissioner of Insurance of the Commonwealth. Service was had upon the corporation and the motor company through their agents in Harlan county. The defendants appeared specially and moved the court to quash the service as to each of them. This motion was overruled, whereupon they filed a special demurrer to the jurisdiction of the court over the persons of each of the defendants, because they were not summoned in Knox county, and to the court's juris-

diction of the action, because the parties and the causes of action were improperly joined. The special demurrer was overruled. Thereupon the defendants answered and entered a plea to the jurisdiction for the reasons assigned in the special demurrer. The answer further entered a general denial, and alleged certain affirmative facts it is unnecessary for us to consider. At the conclusion of the trial, the jury returned a verdict in the sum of $800 in favor of the plaintiff, but failed to recite whether recovery might be had of all of the defendants. Judgment was entered against the motor company and the insurance company, but no order was made in respect to the corporation.

It is now contended that the court erred (1) in overruling the motion to quash the return on the summons, in overruling the special demurrer, and, in not sustaining defendant's plea to the jurisdiction; (2) the instructions are erroneous; and (3) the verdict is grossly excessive. Appellants argue that there was an improper joinder of actions and of parties, because the suit is for breach of more than one contract, which were made separately. Appellee contends that the suit is for the breach of a single contract, entered into as a settlement of liability of the insurance company under the policy issued to him. He argues that, since that contract was made in Knox county and service was obtained on the insurance company through the commissioner of insurance, under the provisions of sections 72 and 78 of the Civil Code of Practice, service on the other defendants was properly had in a county other than that in which the cause was filed.

We are of the opinion that the suit is for the breach of more than one contract. The contract of settlement, whereby the insurance company agreed to have the truck repaired was a contract between the insurance company for its own benefit (and possibly for the benefit of appellee, but which question we do not decide), and the motor company, made to fulfill the insurance company's obligation assumed in the contract of settlement. If, by the words quoted from the prayer of the petition, appellee intended to ask judgment against the corporation, the action would be for the breach of a third contract to which neither of its co-defendants was a party. The contract between the insurance company and the motor company was made in Harlan county; the conditional sales

agreement was made in Harlan county; whereas, the agreement in settlement of the insurance company's liability under the policy was made in Knox county. The motor company was not interested in the settlement of the insurance company's liability under the policy. It was interested in its sole agreement, in consideration of a stipulated price, to repair the truck. Even if the negotiations had by the parties, could be considered as one contract, the Knox circuit court would not have jurisdiction of the subject matter. Under that construction, we would be constrained to hold the contract to have been made in Harlan county, because of the universal rule that a contract is made at the time when, and at the place where, the final act necessary for its formation is done. American Law Institute's Restatement of the Law of Contracts, Volume 1, section 74, page 80; 17 C. J. S., Contracts, Section 357, p. 815; Gannon v. Bronston, 246 Ky. 612, 55 S. W. (2d) 358, 86 A. L. R. 324. Another rule of universal application is: in contracts made by telephone, the place where the acceptor speaks his acceptance is the place where the contract is made. American Law Institute's Restatement of the Law of Conflicts, page 326, comment B; 17 C. J. S., Contracts, Section 356, p. 814. It will be remembered that appellee and the insurance company had agreed upon the terms of the settlement (and with which the motor company had no concern) before calling the motor company and offering it the contract of repair. If these transactions were to be considered one single contract, the final act necessary for its formation was the acceptance, over the telephone, of the offer made to the motor company. Since that acceptance was spoken in Harlan county, and the contract of repair was to be performed and paid for therein, the only court which would have had jurisdiction of the subject matter was the Harlan circuit court. Section 72 of the Civil Code of Practice. But, it is argued, that under section 78 of the Civil Code of Practice, this is a transitory action and one which may be brought in any county in which the defendant, or in which one of several defendants who may be properly joined as such, in the action resides or is summoned. Since that section excludes from its provisions an action which is required to be brought in some other county by a foregoing section of the article of which it is a part; and, since section 72, which covers actions of this sort, is one of the foregoing sections of that article, it is patent that the provisions

of section 78 cannot be relied on to give jurisdiction to the Knox circuit court.

Since other trials may be had between the proper parties under proper pleadings, we deem it expedient to pass on the complaints concerning the instructions. Argument is made that the instructions are erroneous because they do not confine the insurance company's liability for the breach of its contract to the limit of liability expressed in the policy of insurance. Appellants admit that the liability under the policy was settled by the making of a new contract. The new contract was a complete novation of the old, and, since there was no stipulation in the settlement that the liability thereunder should not exceed $340, we cannot sustain the contention that the limit of liability of the policy must be regarded as a limit of liability under the settlement. The insurance company could have performed in full under the policy by the payment of $340; but instead of insisting upon satisfying the claim in that manner, it entered into a different method of settlement. If by doing so, it is caused to expend more than it would to have settled by payment, it has brought such liability upon itself. The other complaint concerning the instructions is well taken. The court instructed the jury that if they found for the plaintiff, the measure of damages should be the difference between the fair market value of the truck before the fire and the fair market value immediately thereafter. Had there been no settlement, and had this been a suit to recover under the provisions of the policy, the measure of damages as given by the trial court would have been correctly stated, provided, it limited the amount of recovery. But, under the issue raised by the allegation that the contract for repair was breached, such measure is erroneous. In some cases for breach of contract for failure to perform work in accordance with the stipulations of the contract, the measure of damage is the difference between the fair market value of the article or structure in its incomplete or imperfect state of repair or construction and the fair market value which the article or structure would have attained had it been completed and the work been carefully performed in accordance with the provisions of the contract. Taulbee v. Moore, 106 Ky. 749, 51 S. W. 564; Culbertson v. Ashland Cement & Construction Co., 144 Ky. 614, 139 S. W. 792; Cassinelli v. Stacy, 238 Ky. 827, 38 S. W. (2d) 980. But where, as here, the work necessary to be performed

to complete the obligation under the contract, at most, is of a minor nature, the measure of damages is the fair and reasonable cost of the materials and labor necessary to complete full performance of the contract. Jackson Lumber & Supply Company v. Deaton, 209 Ky. 239, 272 S. W. 717; 25 C. J. S., Damages, Sections 75 and 76, p. 568 to 573, inclusive. If, upon another trial, the evidence is sufficient to submit to the jury the issue concerning the liability of the insurance company or the motor company by reason of the failure of either to obtain deferment of the payment of past due installments to the corporation, the court will instruct the jury that, if they find for plaintiff on that issue, the measure of damage will be the fair market value of the truck in the condition it was at the time it was seized by the corporation, less the amount owing the corporation under the provisions of the conditional sales contract. The contention that the verdict is excessive also must be upheld; but, since there may be new trials and new findings, we deem further comment on this question to be unnecessary.

The judgment is reversed with directions to set it aside and to enter an order quashing the service on the summons served upon the motor company, and sustaining the defendants' plea to the jurisdiction of the court.