William A. GRIMES, Plaintiff,

v.

HULL–DOBBS, Inc. and Ford Motor Company, Defendants.

No. 831.

United States District Court
E. D. Kentucky.

June 30, 1957.

Calvert C. Little, London, Ky., for plaintiff.

William A. Hamm and Boyd F. Taylor, Jr., London, Ky., for defendant Hull-Dobbs, Inc.

Roy E. Tooms, Jr., London, Ky., for defendant Ford Motor Co.

FORD, Chief Judge.

This case, which was removed to this Court from the Circuit Court of

Laurel County, Ky., a county of this district, is submitted for judgment upon the question as to whether this Court has jurisdiction of the subject matter, which both defendants challenge by their respective Answers. The question is also raised by a motion for summary judgment.

It appears from the deposition of the plaintiff filed herein that this action is based upon an alleged breach of a sale contract of a truck with written warranty that the truck was to be free, under normal use and service, from defects in material and workmanship for a specified period and that the contract and warranty agreement were made and entered into at the place of business of the dealer in Louisville, Jefferson County, Ky. The written warranty filed with plaintiff's deposition is, by its terms, "expressly in lieu of all other warranties, express or implied" and provides that the obligation under the warranty is limited to replacement of such defective parts "at dealer's location" upon return thereof to the dealer. Compare: L. R. Cook Chevrolet Co. v. Culligan Soft Water Service, Ky., 282 S.W.2d 349.

It thus appears that there is no genuine issue as to the fact that the contract relied upon was made and to be performed in Jefferson County, Ky.

█ Under the provisions of Kentucky Revised Statutes § 452.450, an action upon such a contract must be brought "in the county in which the contract is made or to be performed", Trinity Universal Ins. Co. v. Mills, 293 Ky. 463, 468, 169 S.W.2d 311. It appears that the Circuit Court of Laurel County, Ky., was without jurisdiction of the subject matter of the action. Jurisdiction of the subject matter or of the parties acquired by this Court by virtue of the removal is in a limited sense a derivative jurisdiction. Where the State Court from which a case is removed lacks jurisdiction of the subject matter or the parties, the Federal Court acquires none, although in a like suit originally brought in a Federal Court it would have had jurisdiction. A want of jurisdiction in the State Court is not cured by the removal. State of Minnesota v. United States, 305 U.S. 382, 389, 59 S.Ct. 292, 83 L.Ed. 235; Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671; General Inv. Co. v. Lake Shore & M. S. Ry. Co., 260 U.S. 261, 288, 43 S.Ct. 106, 67 L.Ed. 244.

Since, under the statute, the Laurel Circuit Court was without jurisdiction of the subject matter of this action, this Court acquired none by removal.

█ The idea suggested in the brief of plaintiff that the action may be transferred to a court of Jefferson County, Ky., under 28 U.S.C.A. § 1406(a) seems untenable since that section relates only to cases originally filed in the United States District Courts and has no application to cases reaching Federal Courts by removal procedure conferring only derivative jurisdiction.

For the reasons indicated, this case should be and is hereby ordered dismissed for lack of jurisdiction.