**Melinda COOK**

v.

**SHELL CHEMICAL COMPANY (SHELL OIL COMPANY), et al.**

**Civ. A. No. 89–343–A.**

United States District Court, M.D. Louisiana.

Feb. 23, 1990.

Paul J. Galuska and Marla Hamilton, New Orleans, La., for plaintiff.

Charles M. Raymond, New Orleans, La., for defendant Shell Chemical Co. (Shell Oil Co.)

Sidney J. Angelle and Kenneth R. Evans, Lobman, Carnahan & Batt, Metairie, La., for defendants Becon Const. Co. and Indus. Indem. Co.

RULING ON MOTION TO REMAND

JOHN V. PARKER, Chief Judge.

This matter is before the court on plaintiff's motion to remand. Defendant, Shell Oil Company, has filed an opposition. Oral argument on this motion was held on January 5, 1990, and the parties were given additional time to file supplemental briefs, which the parties have done.

Plaintiff filed this action on April 17, 1989 in the Twenty-third Judicial District Court for the Parish of Assumption, State of Louisiana, which is in the Eastern District. Plaintiff seeks damages for personal injuries sustained while she was an employee of defendant, Becon Construction Company, performing insulation work for Shell. Plaintiff seeks to recover from Shell under alternative theories of negligence, strict liability or worker's compensation. Plaintiff also makes Becon Construction Company, Crum & Forster Insurance Company and "XYZ Insurance Company" defendants. [From an answer filed by Becon Construction Company, it appears that Industrial Indemnity Company was incorrectly referred to in the petition as Crum & Forster Commercial Insurance Company.]

On May 2, 1989, only Shell filed a notice of removal based upon diversity of citizenship between it and plaintiff and an amount in controversy exceeding $50,000. Since Shell was the only defendant which had been served at the time of removal and no other defendant has objected to removal, the removal is not defective because of their failure to join. *Courtney v. Benedetto,* 627 F.Supp. 523, 526 (M.D. La.1986). Shell is incorporated in Delaware and has its principal place of business in Texas. At oral argument on this motion, it was established that Becon Construction Company is a Texas corporation with its principal place of business in Texas, and that Industrial Indemnity Company is a California corporation with its principal place of business in California. Since this action was removed to federal court on May 2, 1989, and the amount in controversy requirement for diversity jurisdiction did not increase from $10,000 to $50,000 until May 18, 1989, defendant need not have alleged the $50,000

amount in controversy for removal purposes. The plaintiff has alleged serious injuries in her state court petition, which meet the jurisdictional prerequisite. Therefore, there is diversity of citizenship in this case that supports the exercise of subject matter jurisdiction by this court. 28 U.S.C. § 1332.

Plaintiff moves for remand based upon 28 U.S.C. § 1445, which makes actions brought under state worker's compensation laws nonremovable. Defendant opposes the motion on the basis that it is untimely under 28 U.S.C. § 1447(c), which provides in pertinent part:

> (c) a motion to remand the case on the basis of any defect in procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....

This case was removed on May 2, 1989, but the motion to remand was not filed until November 13, 1989, well after the running of the thirty days in § 1447(c). Therefore, all plaintiff's objections to procedural defects in the removal have been waived.

■ Under 28 U.S.C. § 1445(c), actions under worker's compensation laws are not removable. Although this court has been unable to find a case stating clearly that this provision on worker's compensation cases is procedural, *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116 (5th Cir.1987), holds that the statutory bar in § 1445(a) of removal of Jones Act cases can be waived. Applying this interpretation of § 1445(a) to § 1445(c) by analogy, the failure to object timely to the removal of a worker's compensation suit in the case at bar results in a waiver of plaintiff's objection to removal based on § 1445.

■ The other defect in removal in the present case is the fact that defendant carelessly removed this action to the wrong district. Assumption Parish is in the Eastern District of Louisiana, not the Middle District. 28 U.S.C. § 98(a). Counsel have failed to address in their supplemental memoranda whether removing to the wrong district is procedural or jurisdictional. If the defect is procedural, any objection to it has been waived as untimely. This court has been unable to find any cases explaining whether removing to the wrong district is procedural or jurisdictional. However, it is clear in the case at bar that this court has subject matter jurisdiction over the controversy via 28 U.S.C. § 1332. The removal to the wrong district is more akin to an improper venue situation. 28 U.S.C. § 1441(a) provides that the proper venue for removal is "the district court of the United States for the district and division embracing the place where such action is pending." Under Fed.R. Civ.P. 12(h), the defense of improper venue is waived if not made timely. Therefore, removal to the wrong district is a procedural defect, like improper venue, which was waived by the failure to object to it timely. Plaintiff has therefore waived her grounds for remand.

■ Defendant, Shell Oil Company, seeks a transfer of this case under 28 U.S.C. § 1406(a), which allows transfer of an action to cure a defect in venue. Under this section, a court which has subject matter jurisdiction over an action may transfer or dismiss a case filed in the wrong venue. 15 C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure*, § 3827 (1986).

Plaintiff, however, contends that transfer under § 1406(a) is allowed only when the action was originally commenced in federal court, not when it was removed from state court citing, *Grimes v. Hull–Dobbs, Inc.*, 154 F.Supp. 151 (E.D.Ky.1957). The *Grimes* court, however, stated no authority for this proposition. Further, the language of § 1406(a) states that a suit filed in the wrong venue may be dismissed or transferred. The statute does not refer to an action "brought" in the wrong venue or to a party "sued" in the wrong venue. "Brought" and "sued" seem to be the magic words which preclude a statute from applying to removal cases. *Polizzi v. Cowles Magazine, Inc.*, 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331 (1953). Also,

Wright & Miller, in a section on removal, show that § 1406(a) can be used when the transferor court is an improper venue. 14A C. Wright & Miller, E. Cooper, *Federal Practice and Procedure* § 3726 (1985).

No party has formally moved to transfer venue—Shell only suggests it in brief. No reasons, such as convenience of the parties and witnesses or the interest of justice have been suggested. There is no indication that New Orleans is more convenient for anyone than Baton Rouge. The site of the accident is not far from Baton Rouge and, as much as this court would like to rid itself of unnecessary cases, no sound reason for transfer has been addressed.

The motion to remand is hereby DENIED. The suggestion for transfer is rejected with leave granted to file a formal motion to transfer if there are good reasons to do so.