Anthony TRAUGOTT, Appellant,

v.

VIRGINIA TRANSPORTATION; Honorable Irene Steen, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2010–SC–000696–WC.

Supreme Court of Kentucky.

June 16, 2011.

McKinnley Morgan, Morgan, Madden, Brashear, Collins & Yeast, London, KY, Counsel for Appellant, Anthony Traugott.

Ronald Jude Pohl, Andrew Fain Manno, Pohl, Kiser & Aubrey, PSC, Lexington, KY, Counsel for Appellee, Virginia Transportation.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) dismissed the claimant's application for benefits due to an out-of-state injury, having concluded under KRS 342.670 that Kentucky lacked jurisdiction over the claim because his employment was not principally localized in Kentucky and his contract for hire was not made in Kentucky. The Workers' Compensation Board and the Court of Appeals affirmed.

Appealing, the claimant asserts that the ALJ erred by failing to determine that his contract for hire was made in Kentucky. We affirm because substantial evidence supported the ALJ's conclusion that Kentucky lacked jurisdiction over the claim under KRS 342.670(1) and (5) and no overwhelming evidence to the contrary compelled a different result.

The claimant is a resident of Harrodsburg, Kentucky. His application for benefits alleged that he injured his left arm in Missouri on September 25, 2008, while working for the defendant-employer, and notified the employer immediately. The employer is headquartered in Rhode Island and has no office in Kentucky. Although the Uninsured Employers' Fund (UEF) was joined as a party initially, it was dismissed because the employer's Rhode Island insurance policy provided "other states" coverage in Kentucky.

The employer denied the claim on the grounds that Kentucky lacked extraterritorial jurisdiction over the matter under KRS 342.670. The employer also asserted that the claimant did not sustain a compensable work-related injury although it paid some voluntary income and medical benefits under Rhode Island law.

The claimant moved to bifurcate the claim to consider the threshold issues and the compensability of continued medical treatment, including a proposed cubital tunnel release. Noting that it opposed Kentucky jurisdiction, the employer joined in the request. The ALJ granted the motion to the extent that the jurisdictional issue was bifurcated and the remaining issues reserved.

The evidence consisted of the claimant's deposition. He testified that he worked for the defendant as a truck driver, more specifically as a car hauler, from March 2008 until September 25, 2008. He stated that he had been working for another employer as a truck driver for a few weeks but preferred to work as a car hauler because they received 25% of the price the company charged for the load, which was substantially more than a regular truck driver would receive for making the same trip.

After talking with one of the defendant's drivers, the claimant telephoned the defendant to seek employment as a car hauler. The defendant faxed an employment application, which he completed and returned by fax. He stated that the defendant's representative contacted him and told him that he was hired. Thus, he rented a car with the understanding that the defendant would reimburse the expense and drove to

Rhode Island. While there he completed tax forms, took a drug test, completed orientation, and chose a truck.

The claimant testified that his work involved travel throughout the contiguous forty-eight states; that he was in no one state for a majority of the time; and that he called the employer's Rhode Island office when he completed an assignment in order to request his next assignment. He was on the road for from two to four weeks at a time, which might or might not involve travel in Kentucky, after which he received two or three days off at home. He always brought a load to drop off in Louisville when he returned home and always picked up a load in Louisville or Lexington when he left.

The claimant stated that he picked up or delivered between twenty and forty loads in Lexington or Louisville and went to Rhode Island only about five times. He acknowledged that his employer withheld Rhode Island income taxes from his paychecks and that the checks were drawn from a Rhode Island financial institution. He maintained that Kentucky taxes should have been withheld according to his accountant. He acknowledged receiving some voluntary benefits but did not know at the time that they were paid under Rhode Island law.

KRS 342.670 governs the scope of Kentucky's jurisdiction over workers' compensation claims for injuries that occur outside of Kentucky. It states, in pertinent part, as follows:

(1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which the employee ... would have been entitled to the benefits provided by this chapter had that injury occurred within this state, that employee ... shall be entitled

to the benefits provided by this chapter, if at the time of the injury:

(a) His or her employment is principally localized in this state; or

(b) He or she is working under a contract of hire made in this state in employment not principally localized in any state[.]

. . . .

(5) As used in this section:

. . . .

(d) A person's employment is principally localized in this or another state when:

1. His or her employer has a place of business in this or the other state and he or she regularly works at or from that place of business, or

2. If subparagraph 1. foregoing is not applicable, he or she is domiciled and spends a substantial part of his or her working time in the service of his or her employer in this or the other state[.]

The claimant maintained that he was working under a contract of hire that was made in Kentucky and in employment that was not principally localized in any state. He argued that "the employment relationship was established in Kentucky when he was verbally notified that he was hired." The employer maintained that his employment was either principally localized in Rhode Island or was not principally localized in any state. Moreover, he was injured while working under a contract of hire that was made in Rhode Island, where he completed the employment paperwork, drug test, and orientation program.

Convinced that Kentucky lacked jurisdiction under KRS 342.670(1) and (5), the ALJ dismissed the claim based on findings that the claimant's employment was not

principally localized in Kentucky[1] and that the contract for hire was not made in Kentucky. The ALJ reasoned with respect to the latter finding that the claimant offered to become employed by the defendant, who faxed him an application. Acceptance of his offer occurred when the defendant, having reviewed the application, advised him that he was accepted. The acceptance was, however, contingent upon his completing the required paperwork and passing the required drug test. Thus, the final acceptance occurred in Rhode Island, where he met those requirements.

The claimant did not petition for reconsideration. Nor did he request an additional finding of fact concerning whether his employment was principally localized in any state or concerning any other matter.[2] He argued on appeal that Kentucky had jurisdiction over the claim under KRS 342.670(1)(b) and (5)(d)(1) because he was working under a contract of hire made in Kentucky and his employment was not principally localized in any state. He noted that he accepted the defendant's offer of employment by telephone at his home in Kentucky and relied on *Trinity Universal Insurance Co. v. Mills*[3] for the principle that a contract made by telephone is made in the place where the acceptor speaks his acceptance. He also noted that he is a Kentucky resident and picked up and de-livered many more loads in Kentucky than Rhode Island.

The Board affirmed the ALJ's decision, noting that the claimant failed to petition for reconsideration and that the record contained substantial evidence to support the ALJ's legal conclusion. Relying on *Green River Steel Corporation v. Globe Erection Company*,[4] the Board determined that the ALJ did not err by determining that the contract for hire was formed when the claimant complied with the defendant's conditions. He did so in Rhode Island.

The Court of Appeals found no error in the Board's conclusion that the contract for hire was made in Rhode Island because the defendant accepted the claimant's offer of his services for hire by telephone in Rhode Island. The court noted, however, that no evidence showed the acceptance to be contingent upon his completing various tasks in Rhode Island. In other words, he completed those tasks after the contract was formed rather than as a condition precedent to being hired.

## I. STANDARD OF REVIEW.

■ The claimant had the burden to prove all of the facts necessary to establish Kentucky jurisdiction.[5] Having failed to convince the ALJ that his contract for hire was made in Kentucky, his burden on appeal was to show that the favorable evidence was so overwhelming as to render the ALJ's decision unreasonable.[6] He failed to do so.

1. The ALJ found specifically that the employer did not have a place of business in Kentucky and that the claimant did not spend a substantial part of his working time in Kentucky.

2. *Brasch–Barry General Contractors v. Jones*, 175 S.W.3d 81, 83 (Ky.2005) (a petition for reconsideration must be filed when a party wishes to preserve a question of fact for appellate review); *Eaton Axle Corp. v. Nally*, 688 S.W.2d 334 (Ky.1985) (a party must request all necessary findings of fact before appealing).

3. 293 Ky. 463, 169 S.W.2d 311 (1943).

4. 294 S.W.2d 507 (Ky.1956).

5. *Collier v., Wright*, 340 S.W.2d 597 (Ky. 1960); *Eck Miller Transportation Corp. v. Wagers*, 833 S.W.2d 854 (Ky.App.1992).

6. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky.1986).

## II. ANALYSIS.

 The Court of Appeals affirmed having concluded that the claimant offered his services for hire and the defendant accepted his offer by telephone in Rhode Island, thereby forming the contract of hire. The claimant maintains that the court erred by failing to view him as being the party who accepted an offer of employment by telephone in Kentucky, rendering the contract for hire made in Kentucky. We disagree.

 A contract is made at the time the last act necessary for its formation is complete and at the place where that act is performed.[7] The Court of Appeals determined correctly that the record contains no evidence the defendant conditioned its acceptance of the claimant's offer of his services for hire upon his completion of various employment-related tasks in Rhode Island. Likewise, the claimant asserts correctly that a contract made by telephone is made in the place where the acceptor speaks his acceptance.[8] The fact remains, however, that the record supports the ALJ's conclusion.

The claimant admitted that he contacted the defendant seeking employment as a car hauler after talking with one of the defendant's employees. He admitted that the employer faxed him an employment application, which he completed and returned, and that the employer telephoned his home from Rhode Island to inform him that he was hired. Just as the record contains no evidence to show that the employer conditioned its acceptance of his application on his completion of certain tasks in Rhode Island, it also contains no evidence to show that the parties did anything that would have compelled the ALJ to view their roles differently.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

---

7. *Green River Steel Corporation v. Globe Erection Company,* 294 S.W.2d at 509.

8. *Trinity Universal Insurance Co. v. Mills,* 169 S.W.2d at 314.