Jeffrey GRAHAM, Appellant,

v.

TSL, LTD; Honorable Scott R. Borders, Acting Chief Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2010–SC–000676–WC.

Supreme Court of Kentucky.

Aug. 25, 2011.

McKinnley Morgan, Morgan, Madden, Brashear, Collins & Yeast, London, KY, for Appellant, Jeffrey Graham.

Barry Lewis, Lewis and Lewis Law Offices, Hazard, KY, for Appellee, TSL, Ltd.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) dismissed the claimant's application for benefits due to an out-of-state injury, having concluded that Kentucky-lacked jurisdiction over the claim because his employment was not principally localized in any state and his contract for hire was not made in Kentucky. The Workers' Compensation Board and the Court of Appeals affirmed.

The claimant continues to assert that the ALJ erred by failing to determine that his contract for hire was made in Kentucky. We affirm because the ALJ applied the law correctly and based the finding on substantial evidence. KRS 342.670(1) fails to give Kentucky jurisdiction over the claim.

The claimant, Jeffrey Graham, resided in Nicholasville, Kentucky. He worked for TSL, Ltd. as a tractor/trailer driver, hauling automobiles. TSL had corporate offices in St. Peters, Missouri and in Toledo, Ohio but no office in Kentucky. Graham's application for benefits alleged that he fell and injured his right foot while unloading a Jeep in New Jersey on January 25, 2008.

TSL denied the claim, asserting that Kentucky lacked extraterritorial jurisdiction under KRS 342.670 because the em-

ployment was not principally localized in any state and the contract for hire was made in Missouri.[1] The evidence concerning jurisdiction consisted of testimony from Graham and from Brian Benner, TSL's Vice President.

The claimant's testimony indicated that his previous employer planned to cease car hauling at the end of 2007. He stated that he learned TSL was hiring truck drivers in November 2007; telephoned its Missouri offices seeking employment; and was hired "over the phone." He explained that at TSL's request he obtained a copy of his personnel file from his former employer as well as a copy of his commercial driver's license, documentation concerning his work experience, and the results of a recent physical examination and drug test, all of which he faxed to Jim Gage at TSL's Missouri offices. He stated that Gage reviewed the information while they were on the phone and told him that he could "start tomorrow" but that he insisted on giving his former employer two weeks' notice. Gage agreed and he considered himself hired.

The claimant testified that TSL sent him a one-way bus ticket for travel from Lexington, Kentucky to St. Louis, Missouri. From St. Louis he traveled to TSL's offices in St. Peters, Missouri; took a required driving test; participated in a training program concerning TSL policies and procedures; and underwent another drug test. TSL then provided a truck and he began working.

The claimant stated that he hauled automobiles throughout the United States, from "coast to coast and border to border." He received assignments from TSL's dispatch office in St. Peters and took his truck to the St. Peters terminal for main-

tenance. TSL deposited his payroll checks directly from its offices in Ohio.

Benner testified that the application for employment the claimant prepared in Kentucky on November 8, 2007 stated specifically that it was not an employment contract. He completed the remainder of the employment paperwork in Missouri on November 19, 2007. TSL issued a letter for hire on November 20, 2007.

Benner testified that TSL's receipt of an employment application is the first of a number of steps in the hiring process. The applicant must report to the St. Peters, Missouri offices to complete orientation concerning Department of Transportation regulations and company policies; undergo a road test, drug test, and physical examination; complete employment-related paperwork, including a payroll deposit request; and become registered in the state of Ohio with authority to drive for TSL in 48 states. He stated that TSL issues a letter for hire only after the applicant satisfies all of the requirements.

Benner stated that the claimant completed the employment application in Kentucky. He completed all of the subsequent pre-employment requirements in St. Peters, Missouri. He was hired in Missouri after he did so.

The ALJ dismissed the claim for lack of jurisdiction. Having found that the claimant's employment was not principally localized in any state, the ALJ determined that he "may have been assured employment over the telephone line while he was in Kentucky" but that the parties entered into the actual contract of hire in Missouri. The claimant appealed without filing a petition for reconsideration or requesting any additional specific findings.

1. TSL submitted records from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation. They indicated that Graham filed a claim for New Jersey benefits but failed to reveal the outcome.

## I. STANDARD OF REVIEW.

The claimant had the burden to prove all of the facts necessary to establish Kentucky jurisdiction.[2] Having failed to convince the ALJ that his contract for hire was made in Kentucky, his burden on appeal is to show that the favorable evidence was so overwhelming as to render the ALJ's decision unreasonable under a correct interpretation of the law.[3] He fails to do so.

## II. EXTRATERRITORIAL JURISDICTION.

KRS 342.670 governs the scope of Kentucky's jurisdiction over workers' compensation claims for injuries that occur outside of Kentucky. It states, in pertinent part, as follows:

(1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which the employee ... would have been entitled to the benefits provided by this chapter had that injury occurred within this state, that employee ... shall be entitled to the benefits provided by this chapter, if at the time of the injury:

(a) His or her employment is principally localized in this state; or

(b) He or she is working under a contract of hire made in this state in employment not principally localized in any state; or

(c) He is working under a contract of hire made in this state in employment principally localized in another state whose workers' compensation law is not applicable to his employer; or

(d) He is working under a contract of hire made in this state for employ-

ment outside the United States and Canada.

. . . .

(5) As used in this section:

. . . .

(d) A person's employment is principally localized in this or another state when:

1. His or her employer has a place of business in this or the other state and he or she regularly works at or from that place of business, or

2. If subparagraph 1. foregoing is not applicable, he or she is domiciled and spends a substantial part of his or her working time in the service of his or her employer in this or the other state[.]

## III. ANALYSIS.

The claimant asserts that Kentucky had jurisdiction over the claim under KRS 342.670(1)(b) and (5)(d)(1) because his employment was not principally localized in any state and he was working under a contract of hire made in Kentucky. Relying on *Trinity Universal Insurance Co. v. Mills*,[4] he argues that a contract made by telephone is made in the place where the acceptor speaks his acceptance. He maintains that his contract for hire was made in Kentucky, when he accepted Gage's offer of employment by telephone at his residence, and that the activities he performed subsequently in Missouri were "just a formality." We disagree.

■■■ The ALJ applied the law correctly to the facts and reached a decision that was reasonable under the evidence. A contract is made at the time the last act

2. *Collier v., Wright*, 340 S.W.2d 597 (Ky. 1960); *Eck Miller Transportation Corp. v. Wagers*, 833 S.W.2d 854 (Ky.App.1992).

3. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky.1986).

4. 293 Ky. 463, 169 S.W.2d 311 (1943).

necessary for its formation is complete and at the place where that act is performed.[5] Although a contract made by telephone is made in the place where the acceptor speaks his acceptance,[6] the record supports the ALJ's conclusion that the parties' contract was not formed until the claimant completed various requirements in Missouri. Testimony by TSL's Vice President indicated clearly that completing the requirements was a mandatory prerequisite to any contract of hire entered into and approved by TSL. The claimant may have considered himself hired after his telephone conversation with Gage, but such evidence was not so overwhelming as to compel the ALJ to conclude that a contract was formed at that time.[7]

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

---

**5.** *Green River Steel Corporation v. Globe Erection Company,* 294 S.W.2d 507, 509 (Ky. 1956).

**6.** *Trinity Universal Insurance Co. v. Mills,* 169 S.W.2d at 314.

**7.** *Cf. Traugott v. Virginia Transportation,* 341 S.W.3d 115 (Ky.2011).