Michael DUNCAN etc., et al., Plaintiffs,

v.

CITY OF GOLDEN BEACH, etc., et al., Defendants.

No. 87–6375–CIV–GONZALEZ.

United States District Court,
S.D. Florida, N.D.

July 6, 1987.

Jack L. Herskowitz, Miami, Fla., for plaintiffs.

Anthony J. DiFlippo, Fleming, O'Bryan & Fleming, Fort Lauderdale, Fla., for defendants Golden Beach and Neiman.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the court upon the petition for removal, filed by the defendants, City of Golden Beach and Robert Neiman. The plaintiffs have sued the defendants, City of Golden Beach, Robert Neiman, Trafalgar Towers Association, Inc., and Trafalgar Towers Association, #2, Inc., for damages sustained by the plaintiffs' decedent.

The plaintiffs allege that the City's employee, Robert Neiman acted negligently in operating a City vehicle while within the scope of his employment as a police officer with the City of Golden Beach. This negligence is alleged to have resulted in the death of the plaintiffs' decedent, Stephanie Duncan. Allegedly, the defendant, Neiman, "engaged in a high speed chase of a vehicle being driven by Stephanie Duncan[,] ran his motor vehicle into the rear of the vehicle being driven by Stephanie Duncan and forced the vehicle off the roadway." Plaintiffs' First Amended Complaint at ¶ 11.

The plaintiffs further allege that the vehicle "struck a guardrail ... and fell into the intercoastal [sic] waterway." Plaintiffs' First Amended Complaint at ¶ 12. According to the plaintiffs' allegation the defendant, Neiman, tried but failed to save Ms. Duncan. Ms. Duncan was apparently rescued through some other means, but she died four days after the accident. The plaintiffs assert that the police officer, the defendant, Neiman, was not trained by the City in water rescue. The plaintiffs have sued the City and Robert Neiman for negligence and have sued the defendants for damages resulting from violations of 42 U.S.C. § 1983.

The defendants, Trafalgar Towers Association, Inc., and Trafalgar Towers Association, # 2, Inc., are allegedly the parties who placed the guardrail along the road where the accident occurred. The plaintiffs assert that the guardrail was negligently con-

structed and maintained by these defendants and that the defendants' negligence resulted in the death of Stephanie Duncan.

The City and Robert Neiman, have petitioned to remove the plaintiffs' section 1983 claims, as separate and independent claims under 28 U.S.C. § 1441(c). Title 28, section 1441(c) provides:

> (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

The Supreme Court in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), has set forth the relevant test in determining the propriety of removal under section 1441(c). In *Finn*, the Court held "that where there is a single wrong to [the] plaintiff, for which relief is sought, arising from an interlocking series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540. Additionally, "[i]f all damages come 'from a single incident' or all claims involve 'substantially the same facts' invasion of a single primary right is indicated." *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494, 500 (5th Cir.1984) (quoting *Finn*, 341 U.S. at 16, 71 S.Ct. at 541.).

Here, the plaintiff seeks recovery for only one wrong: the death of Stephanie Duncan. Moreover, Ms. Duncan's death is alleged to have occurred as a result of an "interlocking series of transactions," involving primarily the same facts. *Addison*, 744 F.2d at 500. Finally, the claims are not sufficiently "disassociated" from one another to be "independent" under section 1441(c). *Id.* A claim is removable under § 1441(c) only when it is both separate *and* independent. *Finn*, 341 U.S. at 12, 71 S.Ct. at 539.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the petition of the defendants, the City of Golden Beach and Robert Neiman, for removal to the federal forum, be and the same, is DENIED, and this cause is hereby remanded to 17th Judicial Circuit in and for Broward County, Florida.