**William Curtis NABORS**

v.

**CITY OF ARLINGTON, TEXAS; David M. Kunkle, Individually and as Chief of Police of Arlington, Texas; Mike Johnston, Individually and as Deputy Chief of Administrative Services for Arlington, Texas; Norman Clark, Individually and as Director of Personnel of Arlington, Texas.**

Civ. A. No. S–87–220–CA.

United States District Court,
E.D. Texas,
Sherman Division.

June 24, 1988.

Waylon E. McMullen, Thomas M. Herrin, Akin & McMullen, Dallas, Tex., for plaintiff.

Donald K. Buckman, Gary Corley, Cantey & Hanger, Fort Worth, Tex., for defendants.

### MEMORANDUM OPINION AND ORDER

PAUL N. BROWN, District Judge.

Pending before the Court is plaintiff's Motion to Remand.

### I. FACTS

Plaintiff alleges that from July 1984 through August 1985 he was employed by defendant City of Arlington as a Texas state certified law enforcement officer. Plaintiff alleges further that he was terminated on August 25, 1985. Plaintiff contends that in October 1984 he suffered an on-duty injury, that he filed a workers' compensation claim for this injury, and that defendants terminated his employment in retaliation for his filing this workers' compensation claim. Plaintiff further contends that his termination was the result of arbitrary and capricious actions by defendants, that defendants deprived him of protected liberty and property interests without procedural due process, and that defendants acted maliciously, intentionally, and in total disregard to plaintiff's rights. Plaintiff contends that these acts of defendants entitle him to damages and injunctive relief under Texas law for retaliatory discharge under the Texas Workers' Compensation Act, Tex.Rev.Civ.Stat. art. 8307c, and breach of contract, and under federal law for violation of 42 U.S.C. § 1983.

This suit was originally filed on July 24, 1987, in the 16th Judicial District of Denton County, Texas. Defendants filed their petition for removal in this court on September 11, 1987.[1] Plaintiff filed his motion to remand on October 19, 1987.

### II. STATUTORY BACKGROUND

In their petition for removal, defendants argue that removal is proper pursuant to 28 U.S.C. § 1441(b). 28 U.S.C. § 1441(b) provides that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

On the basis of 28 U.S.C. § 1445(c), plaintiff argues that this case was improvidently removed. 28 U.S.C. § 1445(c) provides that:

> A civil action in any state court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States.

In their response to plaintiff's motion to remand, defendants argue that removal was proper on the basis of 28 U.S.C. § 1441(c). This section provides that:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

### III. DISCUSSION

28 U.S.C. § 1447(c) requires a district court to remand a case "if at any time before final judgment it appears that the case was removed improvidently and without jurisdiction." For the reasons ex-

---

1. Paragraph V of defendants' petition for removal states that "[c]itation was served on defendants on July 24, 1987." In paragraph VI, defendants state that "[t]his petition is filed with this court within 30 days after service on petitioners of the summons and petition in the above-entitled action and is, therefore, timely under 28 USC § 1446 and Rule 81(c), Fed.R.Civ.

P." Of course, if paragraph V is true, paragraph VI is not. The Court notes, however, that in none of his pleadings filed herein has the plaintiff either addressed the issue of the timeliness of defendants' removal petition, or attached a completed return of service. Consequently, the Court assumes paragraph V of defendants' petition for removal contains a typographical error.

pressed in this opinion, the Court cannot find that the removal was improvident and without jurisdiction, and therefore denies plaintiff's motion to remand.

**A. 28 U.S.C. § 1441(c)**

■ By its own language, 28 U.S.C. § 1441(c) permits removal where a plaintiff has joined (1) "a separate and independent claim or cause of action," (2) "removable if sued upon alone," with (3) "one or more otherwise nonremovable claims or causes of action."

Addressing these aspects of section 1441(c) in inverse order, it is clear that plaintiff's breach of contract claim and his retaliatory discharge claim are both "otherwise nonremovable claims." This is so for two reasons. To begin with, there being no diversity of citizenship, neither state law claim is removable on its own. Secondly, since 28 U.S.C. § 1445(c) prevents the removal of "a civil action in any state court arising under the workmen's compensation laws of such state," plaintiff's retaliatory discharge claim would be nonremovable even had diversity existed in this case.

Application of the second aspect of section 1441(c) is likewise clear. Pursuant to 28 U.S.C. § 1343, plaintiff's section 1983 claim is within the original jurisdiction of this Court, and, if sued upon alone, is removable under section 1441(b).

Remaining, then, is whether plaintiff's nonremovable state law claims are "separate and independent" from his removable section 1983 claim. This Court holds that they are not.

In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the United States Supreme Court concluded that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under section 1441(c)." *Id.*, 71 S.Ct. at 540.

In applying this standard, courts look to the facts upon which each claim is based to determine whether they are "separate and independent." *Moore v. United Services Auto Association*, 819 F.2d 101, 103 (5th Cir.1987). As previously outlined above, all of plaintiff's claims arise from the events surrounding his termination as an Arlington city police officer. While the proof or relief sought is perhaps different under his various claims, plaintiff's termination is the only "legal wrong" suffered by him. *Id.* at 104. Section 1445(c), therefore, does not provide a basis for removal of the present case.

**B. 28 U.S.C. § 1441(b)**

■ However, the determination that section 1441(c) does not provide a basis for removal does not end this Court's analysis of plaintiff's motion. The more solid basis for removal jurisdiction exists as to the section 1983 claim under section 1441(b), and as to the state claims under the doctrine of pendent jurisdiction. This jurisdictional course presents its own hurdles, however.

As the Court has already found that the case is not removable under 1441(c), the first hurdle is whether section 1441(c) and section 1441(b) are mutually exclusive. The question, in other words, is whether the defendants should be able to remove under 1441(b) what they cannot remove under 1441(c). Under the specific facts of this case, this question must be answered in the affirmative.

*1. Addison*

As an initial matter, the Court notes that at least one Fifth Circuit opinion might reasonably be read to imply that section 1441(c) and section 1441(b) are mutually exclusive. In *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494 (5th Cir.1984), plaintiff joined claims under the Jones Act and claims for maintenance and cure. The defendants sought removal under section 1441(c), alleging that complete diversity existed, making the maintenance and cure claim removable pursuant to 1441(a), and that the maintenance and cure claim was separate and independent from the Jones Act claim, making the entire action removable pursuant to section 1441(c). On this basis, the district court

denied plaintiff's motion to remand. The Fifth Circuit reversed, holding that, under *Finn, supra,* the maintenance and cure claims were not separate and independent from the Jones Act claims.

In reaching this holding, the court was "bolstered by four additional considerations." *Id.* at 500. These considerations were: first, that the maintenance and cure claim was not sufficiently "independent" from the Jones Act claim; second, that Congress intended seamen to have the choice of either a state or federal forum in Jones Act cases; third, that allowing removal would encourage Jones Act defendants to dispute and withhold payment on maintenance and cure claims to insure removability of such actions; and fourth, that the situation presented was unlike a typical section 1441 case in that the removable claim was joined with a federal claim that Congress preferred to leave in state court if that is where the plaintiff had filed it. *Id.* at 500–01. Upon finding that the removable claim was not "separate and independent" from the nonremovable claim, the court ended its analysis. *Id.* at 501. The *Addison* court did not discuss, nor did it intimate a consideration of, whether pendent jurisdiction would have been appropriate.

*Addison* can be distinguished from the case at bar in several particulars. To begin with, as discussed more fully below, although 1445(c) operates to bar removal of a civil action arising under a state's workers' compensation laws much like 1445(a) operates to bar removal of Jones Act cases,[2] plaintiff's retaliatory discharge claim in this case, if sued upon alone, is nonremovable because no diversity of citizenship is present, rendering 1445(c) superfluous. In addition, plaintiff's workers' compensation claim in this case is not "a federal claim that Congress prefers to leave in state court if that is where the plaintiff has filed it," *id.* at 501, but a *state* claim which has been joined with a federal claim, 42 U.S.C.

§ 1983, which Congress prefers to allow defendants to remove. The application of *Addison* to this case would also require a finding that Congress saw no distinction between the removal of diversity cases pursuant to section 1441(a) and the removal of federal question cases pursuant to section 1441(b), and this Court is not prepared to so find. Third, a retaliatory discharge claim under art. 8307c does not have the "traditional" and "historic" relationship with 42 U.S.C. § 1983 as do an injured seaman's claims under the Jones Act and his claims for maintenance and cure. And finally, although the *Addison* court fairly and responsibly decided the facts before it, this Court cannot responsibly breathe into the *Addison* opinion a black letter rule that a finding of "separate and independent claims" under section 1441(c) always precludes consideration of pendent jurisdiction, especially when the *Addison* court does not indicate that it even considered that question.[3]

### 2. Pendent jurisdiction

The second reason why 1441(b) and 1441(c) are not mutually exclusive is that the concept of pendent jurisdiction would be meaningless if the statute was so read. In *United Mineworkers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966), the Supreme Court held that:

> Pendent jurisdiction, in the sense of judicial *power,* exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority ..." U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction upon the court.... The state and federal claims must derive

2. 46 U.S.C.App. § 688 provides for the application to Jones Act cases of "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees."

3. A number of these distinctions might also have led this Court to a result different from that reached in *Duncan v. City of Golden Beach,* 662 F.Supp. 974 (S.D.Fla.1987).

from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

86 S.Ct. at 1138 (citations and footnotes omitted).

*Gibbs* clearly establishes that a district court has the constitutional power under the doctrine of pendent jurisdiction to hear an otherwise nonremovable state claim. If a district court began and ended an analysis of whether an otherwise nonremovable state claim could be removed only if it was "separate and independent" from a removable federal claim under 1441(c), then an otherwise nonremovable state claim that was *not* separate and independent from a removable federal claim, which would naturally include an otherwise nonremovable state claim derived from the same "common nucleus of operative fact" as a removable federal claim, could *never* be removed. Undoubtedly, then, Congress did not mean for 1441(c) to be interpreted as mutually exclusive of a federal court's pendent jurisdiction under 1441(b).[4]

### C. 28 U.S.C. § 1445(c)

█ Plaintiff's sole argument is that section 1445(c) mandates the remand of this case. It is the opinion of this Court, however, that in this fact situation, 1445(c) has no application to the exercise of this Court's pendent jurisdiction. The Seventh Circuit has recently noted the legislative policy behind section 1445(c):

Section 1445(c) was passed to help ease the burden on the federal court dockets. S.Rep. No. 1830, 85th Cong., 2d Sess. 7–8, *reprinted in* 1958 U.S.Code Cong. & Admin.News 3099, 3106. Congress apparently felt that removal of state worker's compensation claims would nullify the "expediti[ous) and inexpensive" procedures that the states had set up. *Id.* at 8, *reprinted in* 1958 U.S.Code Cong. & Admin.News at 3106. It was Congress' intent that "the workmen [have] the option to file his case in either the Federal or the State court. If he files in State court it is not removable to the Federal court." *Id.* Section 1445(c) thus bars removal of all worker's compensation claims.

*Lingle v. Norge Div. of Magic Chef, Inc.,* 823 F.2d 1031, 1038 (7th Cir.1987).

It is the opinion of the Court that these policies simply are not implicated here. To begin with, as previously noted, plaintiff's state law claims, if sued upon alone, are just as easily "nonremovable" because no diversity of citizenship exists. Section 1445(c), therefore, is superfluous to the removability of plaintiff's retaliatory discharge claim, and irrelevant to the removability of his breach of contract claim. The policy behind section 1445(c), to restrict the removal of diversity cases, is therefore not implicated. Secondly, although plaintiff's claim of retaliatory discharge undoubtedly "arises under" the workers' compensation law of the State of Texas, *Fernandez v. Reynolds Metals Co.,* 384 F.Supp. 1281 (S.D.Tex.1974), retaliatory discharge is not the traditional workers' compensation proceeding wherein an injured employee seeks a compensation award for his injury. Indeed, art. 8307c, which became effective August 30, 1971, was not yet on the books

4. In *Gibbs* the United States Supreme Court excludes from a federal court's pendent jurisdiction all cases falling outside the scope of Article III of the Constitution, and delineates "pendent jurisdiction" as set out in the above text. Reading in *Finn* the Supreme Court's view of a "separate and independent claim," set out in part III.A. of this opinion, this court agrees with other courts and commentators that it is difficult to imagine a situation where a federal court's jurisdiction of "otherwise non-removable claims or causes of action" under 28 U.S.C.

§ 1441(c) would be constitutional. *See Contemporary Services v. Universal City Studios,* 655 F.Supp. 885 (C.D.Cal.1987), particularly footnotes 5–8 and the authorities cited therein. Professors Wright, Miller and Cooper also discuss the potential constitutional infirmities of certain applications of section 1441(c) in federal question cases at their text accompanying footnotes 93–99 of 14A C.A. Wright, A. Miller & E. Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3724 (1985).

when even the most recent codification of section 1445(c) became effective on July 25, 1958.

### IV.

In the final analysis, this Court must decide whether to exercise its discretion and assume pendent jurisdiction over plaintiff's state law claims. As the Supreme Court stated in *Gibbs:*

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of ... right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them ... [I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedies sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

86 S.Ct. at 1139 (citations and footnotes omitted).

It is the opinion of the Court that the policies underlying the exercise of pendent jurisdiction would best be served by the denial of plaintiff's motion to remand.

IT IS SO ORDERED.