Agripin **CEDILLO**, Plaintiff,

v.

**VALCAR ENTERPRISES & DARLING DELAWARE COMPANY, INC.,**
Defendant.

**Civ. A. No. CA3–91–1645–D.**

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 1, 1991.

John E. Wall, Jr. of Dallas, Tex., for plaintiff.

Laura M. Franze and D. Michelle McCullough of Gardere & Wynne, Dallas, Tex., for defendant.

FITZWATER, District Judge:

Plaintiff's motion to remand presents the questions whether a workers' compensation retaliation action made nonremovable by 28 U.S.C. § 1445(c) becomes removable when pendent to a federal question claim and whether the court should exercise supplemental jurisdiction over the retaliation claim.

I

Plaintiff Agripin Cedillo ("Cedillo") sued defendant Valcar Enterprises & Darling Delaware Company, Inc. ("Valcar") on March 19, 1990 in Texas state court for violating the Texas Commission on Human Rights Act ("TCHRA"), Tex.Rev.Civ.Stat. Ann. art. 5221k, § 1.01 *et seq.* (West 1987 & Supp.1991), contending Valcar discriminated against him on the basis of age and/or handicap by terminating him, discriminating against him in the terms, conditions, and privileges of his employment, and retaliating against him. *See* Orig.Pet. ¶¶ IV–V. Cedillo alleged Valcar violated Tex.Rev.Civ.Stat.Ann. art. 8307c (West Pamp.Supp.1991), by discharging him in retaliation for prosecuting a workers' compensation claim. Orig.Pet. ¶ VII. In June 1991 plaintiff filed a first amended petition alleging Valcar discriminated against him in violation of the TCHRA on account of age and national origin/creed by terminating him, discriminating against him in the terms, conditions, and privileges of his employment, and retaliating against him. *See* 1st Am.Pet. ¶¶ 4–5. The national origin/creed component was later withdrawn by agreement of the parties. The first amended petition retained the article 8307c workers' compensation retaliation claim. *See id.* ¶ 7. On August 9, 1991 Cedillo filed a second amended original petition in state court. This amended petition alleged discrimination on account of "age and compensation proceedings." *See* 2nd Am.Pet. ¶ 5. The pleading once again claimed Valcar had violated article 8307c. *See id.* ¶ 7. It also added for the first time a claim for relief pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq. See* 2nd Am.Pet. ¶ 4.

Within 30 days of the date Cedillo filed his second amended petition, Valcar removed the action to this court on the basis of federal question jurisdiction. Valcar asks the court to exercise pendent jurisdiction over plaintiff's state law claims. Cedillo moves to remand the case, contending Valcar's removal was untimely and is precluded by 28 U.S.C. § 1445(c).

## II

The court turns first to the timeliness issue. Cedillo urges the court that removal is tardy because his original petition presented the federal age discrimination claim. He points to TCHRA § 1.02(1), which states that one purpose of the Act is to provide for the execution of the policies in 29 U.S.C. § 633. He therefore reasons the case was removable from its inception because a federal age discrimination question was always involved. When Valcar failed timely to remove the case in relation to the original petition, Cedillo contends, it lost its removal right. The court disagrees.

The well-pleaded complaint rule governs the apposite removability analysis. "The rule provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination, and if, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." *Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1160–61 (5th Cir.1989) (citing cases), *cert. denied*, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990). Cedillo's original petition did not state an ADEA claim. It purported only to obtain relief for age discrimination on the basis of the TCHRA. *See* Orig.Pet. ¶¶ III–V and VIII(a) and (b). Plaintiff's first amended petition was similarly cast. *See* 1st Am.Pet. ¶¶ 3–5 and 8(a) and (b). And Cedillo's age discrimination claim was not a necessarily federal cause of action phrased in state law terms, such that this court will look beyond the letter of the petition to the substance of the claim. *Cf. Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir.1990) (where common law claims in state court complaint necessarily were federal in character because essence was that defendant violated ERISA, federal question was presented and case was removable). An age discrimination claim is not exclusively federal. That Cedillo could have, but did not, allege the ADEA in his original and first amended petitions is not controlling. He was the master of his complaint and was entitled to avoid federal court by the claims he chose to prosecute. *See The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411–12, 57 L.Ed. 716 (1913); *Aaron*, 876 F.2d at 1161 n. 7; *see also* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3722 at 275–76 (1985) (where there is a choice between federal and state remedies, federal courts will not ignore plaintiff's choice of state law as basis for action).

Accordingly, the court agrees with Valcar that the federal question on which it predicates removal jurisdiction did not enter the case until August 9, 1991. Valcar timely removed within 30 days thereafter.

## III

Cedillo next urges that 28 U.S.C. § 1445(c) [1] precludes removal because his case involves a retaliation claim brought pursuant to article 8307c. [2] Valcar argues

---

**1.** 28 U.S.C. § 1445(c):

A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

**2.** Tex.Rev.Civ.Stat.Ann. art. 8307c (West Pamp. Supp.1991):

Section 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

Sec. 2. A person who violates any provision of Section 1 of this Act shall be liable for reasonable damages suffered by an employee as a result of the violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

this court may hear Cedillo's retaliation claim pursuant to principles of pendent jurisdiction, because the ADEA claim presents a removable federal question and "Plaintiff's claims all arise from a common nucleus of fact—the termination of his employment from [Valcar]." D.Br. at 3.[3]

## A

Valcar relies for its pendent jurisdiction argument principally upon *Nabors v. City of Arlington, Tex.*, 688 F.Supp. 1165 (E.D.Tex.1988). *Nabors* essentially analyzed the removability question in terms of § 1441(b)[4] and pendent jurisdiction. A plaintiff discharged by the defendants sued for relief pursuant to 42 U.S.C. § 1983 for federal constitutional violations. The plaintiff also brought state claims for breach of contract and retaliatory discharge in violation of article 8307c. 688 F.Supp. at 1166. The defendants removed the action and the plaintiff moved to remand. The *Nabors* court held § 1441(c) was unavailable to the

Sec. 3. The district courts of the State of Texas shall have jurisdiction, for cause shown, to restrain violations of this Act.

3. Valcar also asserts that "[s]ince Plaintiff's ADEA claim was joined with two claims or causes of action arising from the same factual core, the entire case was properly removed." D.Br. at 3. Valcar relies for this proposition upon 28 U.S.C. § 1441(c). *Id.* Section 1441(c) does not appear to support this argument. Section 1441(c), as amended on December 1, 1990, provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Section 1441(c) makes removable an entire case when a separate and independent claim or cause of action within the district court's federal question jurisdiction is joined with one or more otherwise nonremovable claims or causes of action. Valcar's assertion that plaintiff's ADEA and other claims "aris[e] from the same factual core" would appear to render § 1441(c) inapposite. *See American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) (there is no separate and independent claim or cause of action where there is single wrong for which relief is sought arising from interlocked series of transactions).

Even if § 1441(c) arguably applies, other issues are presented. First, it is questionable whether § 1441(c) has any continued vitality in view of the 1990 amendment to the statute. Although § 1441(c) in its pre–1990 form was not expressly limited to diversity cases, as Judge Posner pointed out in *Thomas v. Shelton*, 740 F.2d 478 (7th Cir.1984), "its principal and maybe only application is to such cases. If it were not for section 1441(c) the diversity plaintiff who wanted to litigate his case in state court could, simply by joining a claim against a resident of his state, destroy the complete diversity required for federal diversity jurisdiction and thus prevent the nonresident defendant from removing." *Id.* at 483. In its pre-amended form § 1441(c) had no meaningful relevance to federal question cases because these cases were also removable as part of the court's pendent jurisdiction. *See id.* The *Thomas* panel thus knew "of no federal-question case that was held nonremovable before section 1441(c) was enacted merely because the plaintiff had joined a state claim with his federal claim." *Id.* Professors Wright, Miller, and Cooper have, in fact, expressed difficulty envisioning with respect to the 1990 amendment "what was gained by leaving Section 1441(c) at play in federal-question cases." 14A Wright, Miller & Cooper § 3724 at 72 (1991 Supp.).

Second, and potentially troublesome, if § 1441(c) has any intended effect in federal question cases, constitutional issues are raised because a nonremovable claim so completely separate and independent as to comply with § 1441(c) "may not be [a] case within the meaning of Article III of the Constitution." *See Thomas*, 740 F.2d at 483; *Contemporary Servs. Corp. v. Universal City Studios, Inc.*, 655 F.Supp. 885, 890 (C.D.Cal.1987) (collecting cases and commentaries on this issue); *cf. United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (pendent jurisdiction exists when relationship between federal question and state claims permits conclusion that entire action before court comprises but one constitutional case). As applied to the present case, if Cedillo's retaliation claim is sufficiently separate and independent from his ADEA claim so as to satisfy § 1441(c)'s literal terms, it is questionable whether this court may constitutionally exercise jurisdiction over the claim.

4. 28 U.S.C. § 1441(b):

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

removing defendants because the plaintiff's claims were not separate and independent. *Id.* at 1167. The court then concluded that § 1441(b) made the plaintiff's § 1983 action removable. *See id.* at 1169.[5] Because the federal claim was removable, the *Nabors* court determined whether the retaliation action could be removed as a pendent claim. The dispositive issue in determining removability was whether § 1445(c) precluded removal. The court held the statute did not because the animating policy for enactment of § 1445(c)—to restrict removal of diversity cases—was not implicated. The court also apparently held article 8307c was not within the reach of § 1445(c). *Id.* at 1169–70.[6] The court was therefore free to exercise pendent jurisdiction over the retaliation claim.

The court in *Fernandez v. Reynolds Metals Co.,* 384 F.Supp. 1281, 1283 (S.D.Tex.1974), suggested a different result. In *dictum* the court stated the entire case could not be removed, even if the plaintiff's state court petition presented claims in addition to the retaliation action.[7]

As a district court bound by Fifth Circuit precedent, this court first turns to decisions of the circuit court to ascertain whether they command the outcome in this case. No opinion expressly decides the issue, but a recent case can be read to favor removability when an article 8307c retaliation claim is within the district court's pendent jurisdiction.

In *Jones v. Roadway Express, Inc.,* 931 F.2d 1086, *reh'g denied,* 936 F.2d 789 (5th Cir.1991), a plaintiff sued for retaliatory discharge and (apparently) for relief pursuant to a collective bargaining agreement. 931 F.2d at 1087. The defendant removed to federal court on the basis of diversity of citizenship and federal question jurisdiction. *Id.* The defendant contended the plaintiff's claims were preempted by the Labor Management Relations Act. *Id.* The plaintiff moved to remand and the district court denied the motion. *Id.* The plaintiff then amended his complaint to assert only an article 8307c claim. *Id.* at 1088. The district court granted summary judgment against the plaintiff, who then appealed. *Id.*

The Fifth Circuit held the plaintiff's claim was neither precluded by state law nor preempted by federal law. *Id.* at 1089–90. This left only the state law workers' compensation retaliation claim. After deciding the plaintiff's retaliation claim fell within the proscription of § 1445(c), the court said "[o]ur holding requires that this case be remanded to state court." *Id.* at 1092.

The circuit court's decision to order a remand to state court was presented as an issue on rehearing. In his opinion for the

---

**5.** This court declines to follow *Nabors'* reliance upon § 1441(b) as conferring a right of removal. Section 1441(b) should be understood not as providing a removal right but rather as imposing a limitation on the removal right set out in § 1441(a). *See Thomas,* 740 F.2d at 482 (§ 1441(a) allows removal subject to limitations in § 1441(b)); *Contemporary Servs. Corp.,* 655 F.Supp. at 887 (§ 1441(b) modifies § 1441(a) by limiting when diversity of citizenship cases are removable). The exercise of pendent jurisdiction following removal is better understood in relation to § 1441(a). "Where removal is properly effected under section 1441(a), the district court may also elect to exercise pendent jurisdiction over state law claims." *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1196 (9th Cir.1988).

When § 1441(b) is viewed as conferring—rather than limiting—a right of removal, § 1441(a) is improperly disregarded. The problem with this approach is that § 1441(a) contains a limitation on removal that must be addressed because it renders the right of removal unavailable where "otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a). If § 1441(b) is viewed as the peg for pendent jurisdiction, one arguably need not address the limiting language of § 1441(a).

**6.** The second premise on which the court relied is not entirely clear from the opinion. To the extent it may be understood as this court now reads it, the proposition is overruled by *Jones v. Roadway Express, Inc.,* 931 F.2d 1086, 1092 (article 8307c claim is within § 1445(c) removal prohibition), *reh'g denied,* 936 F.2d 789 (5th Cir.1991).

**7.** This statement was *dictum* because plaintiff's first amended petition "reveal[ed] but one claim." 384 F.Supp. at 1283. *Fernandez* also cited for this proposition the Fifth Circuit's decision in *Gamble v. Central of Ga. Ry. Co.,* 486 F.2d 781 (5th Cir.1973), which the court notes *infra* has since been partially overruled.

court, Judge Wiener explained that the panel had "instructed the district court to vacate its judgment and remand the case to state court because only a state-law claim remained and because Congress had declared its intent that workers' compensation suits should be resolved in state court whenever possible." 936 F.2d at 792. He emphasized that the dispositive issue was whether to remand the case to state court when only a state law claim remained. *Id.* The opinion suggests the retaliation claim was properly removed and could have been retained—as a matter of discretion—pursuant to the court's pendent jurisdiction. *See id.* The court ordered the remand not of necessity, but in deference to Congressional intent:

> Congress clearly intended that state courts should resolve workers' compensation suits. Though Congress expressed its intent in the context of removal, we believe that in the remand context now before us—when only a pendent state-law claim remains—that intent merits no less consideration. Given the discretion vested in the court to remand pendent state-law claims to state court, we believe that the intent of Congress— that, whenever feasible, state workers' compensation claims be resolved in state court—favors remand to state court.

*Id.* This court reads *Jones* to indicate that a civil action covered by § 1445(c) may be removed when pendent to a federal question claim.[8]

## B

Because *Jones* did not expressly decide the question of removability,[9] and since no other Fifth Circuit opinion appears to do so,

this court now addresses the question anew.

The first issue to be decided, of course, is one of subject matter jurisdiction. If a civil action that falls within § 1445(c) is withdrawn from this court's subject matter jurisdiction, the court cannot hear the retaliation claim, even if it otherwise falls within the court's pendent jurisdiction.

That § 1445(c) is not a jurisdictional proviso is strongly suggested by the en banc Fifth Circuit's recent decision involving § 1445(a), which makes FELA civil actions nonremovable. *See Lirette v. N.L. Sperry Sun, Inc.,* 820 F.2d 116 (5th Cir.1987) (en banc). *Lirette* was reheard en banc to consider the validity of *Gamble v. Central of Ga. Ry. Co.,* 486 F.2d 781 (5th Cir.1973). In *Gamble* a plaintiff sued in state court to recover damages under the FELA. The defendant impleaded a third party defendant, who removed the case to federal court on the basis of diversity of citizenship. The Fifth Circuit reversed the district court's refusal to remand the FELA claim. After discussing the legislative history behind § 1445(a), the panel held the statute "made it impossible for FELA suits instituted in state courts ever to be removed to federal court on any grounds." 486 F.2d at 784. The panel saw § 1445(a) as a limitation upon subject matter jurisdiction. *See id.* at 785. Therefore, the district court lacked any power to hear the FELA claim and should have remanded the entire case or severed the FELA suit and remanded it. *Id.* In *Lirette,* following a panel opinion that was critical of, but felt bound by, *Gamble,* the en banc court overturned "[t]he language in *Gamble* which construes the nonremovability provision of § 1445(a) in strict jurisdictional terms."[10]

---

**8.** In a recent opinion involving article 8307c, *Pope v. MCI Tel. Corp.,* 937 F.2d 258, 263 (5th Cir.1991), the panel stated in *dictum* that "§ 1445(c) does indeed prohibit the removal of Workers' Compensation claims." This should not be understood as contrary to the result the court reaches today. *Jones* also contains strong statements about the nonremovability of such actions and yet appears to have viewed remand as being discretionary.

**9.** *See* 931 F.2d at 1091; 936 F.2d at 792 (distinguishing between questions of removal and re-

mand and deciding, with reference to removal considerations, whether case should be remanded).

**10.** *Lirette* did not overrule *Gamble* in any other respect, *see Lirette v. N.L. Sperry Sun, Inc.,* 831 F.2d 554, 555 (5th Cir.1987) (per curiam) (on remand from en banc court) ("The [en banc] court overruled *Gamble* insofar as it deprived the district court of jurisdiction"). *See* 14A Wright, Miller & Cooper § 3724 at 73 (1991 Supp.) (discussing *Lirette* ).

The court held that a party entitled to object on the basis of § 1445(a) to removal of an FELA action could waive the right to preclude removal by failing to object in the district court and by participating in the conduct of the litigation. 820 F.2d at 118.

■ This court sees no reason to analyze differently the closely analogous provisions of § 1445(c). Both § 1445(a) and § 1445(c) are subsections of the same statute and purport to accomplish similar restrictions on removal. This court therefore holds that § 1445(c) does not withdraw federal court jurisdiction over civil actions that arise under the workers' compensation laws of the forum state.

Judge Parker implicitly reached this conclusion in *Cook v. Shell Chem. Co.*, 730 F.Supp. 1381 (M.D.La.1990), on the basis of similar reasoning. In *Cook* the question as it pertained to § 1445(c) was not expressly framed in terms of subject matter jurisdiction; instead, the issue was whether § 1445(c) was a procedural limitation so that its provisions could be waived. *See id.* at 1382. Judge Parker held by analogy, relying on *Lirette*'s determination that the statutory bar of § 1445(a) could be waived, that the failure timely to object on the basis of § 1445(c) resulted in a waiver. *See*

*id.* This conclusion in *Cook* necessarily assumes § 1445(c) is not a limit upon subject matter jurisdiction.

### C

Having decided that a civil action within the reach of § 1445(c) is not withdrawn from this court's subject matter jurisdiction, the court must next address whether, as Valcar urges and *Nabors* held, an article 8307c civil action may be removed as a pendent claim.

### 1

Although neither party has raised this issue, in light of the recent enactment of the Judicial Improvements Act of 1990, Pub.L. 101–650, title III, § 310, 104 Stat. 5089, 5113 (Dec. 1, 1990), this question must be addressed in terms of "supplemental" rather than "pendent" jurisdiction. *See Samaad v. City of Dallas*, 940 F.2d 925, 928 n. 2 (5th Cir.1991) ("In accordance with the [Act], for actions commenced on or after December 1, 1990, the term 'supplemental jurisdiction' is used in lieu of 'pendent jurisdiction' "). The supplemental jurisdiction statute, 28 U.S.C. § 1367,[11] codified the doctrine of pendent jurisdiction, *see Promisel v. First American Artificial*

---

11. 28 U.S.C. § 1367:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

(e) As used in this section, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

*Flowers, Inc.,* 943 F.2d 251, 254 (2d Cir. 1991) ("The availability of pendent jurisdiction was codified in 1990 at 28 U.S.C. § 1367(a)"); *Salazar v. City of Chicago,* 940 F.2d 233, 243 n. 2 (7th Cir.1991) ("Congress has since codified the doctrine of pendent jurisdiction under the name "Supplemental Jurisdiction"). Supplemental jurisdiction combines the concepts of pendent and ancillary jurisdiction. *See* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3567.3 at 35 (Supp.1991). Except as limited by 28 U.S.C. § 1367(b) and expressly provided otherwise by federal statute, such jurisdiction is extended over all claims that are so related to claims in the action within the court's original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. 28 U.S.C. § 1367(a). This statute effectively "gives federal courts supplemental jurisdiction to the limits Article III of the Constitution permits." 13B Wright, Miller & Cooper § 3567.3 at 35 (Supp.1991). It "ratifies and incorporates the constitutional analysis the Supreme Court made in the *Gibbs* case." *Id.* at 35–36 (footnote omitted).

Section 1367 took effect and "is applicable only to civil actions commenced on or after December 1, 1990." *Id.* at 36 (citing Pub.L. 101–650, title III, § 310(c)); *see In re Shell Oil Co.,* 932 F.2d 1518, 1521 n. 7 (5th Cir.1991) (ancillary jurisdiction question) ("we note that under recently enacted legislation the term "supplemental jurisdiction" is to be used for all civil cases commenced on or after December 1, 1990"). The present case was initiated in state court *prior* to December 1, 1990 but removed to this court *after* the effective date of § 1367. The statute applies to the present case because the pertinent time for determining federal jurisdiction is the date on which such jurisdiction is invoked. Because Valcar did not remove this action

until after the effective date of the Judicial Improvements Act of 1990, the supplemental jurisdiction provision of the Act was fully applicable. *See by analogy FDIC v. Loyd,* 744 F.Supp. 126, 129–30 (N.D.Tex.) (Judicial Improvements and Access to Justice Act took effect on date of enactment and controlled case removed 15 days prior to effective date of law), *appeal docketed* No. 90–1714 (5th Cir.1990).

2

Analyzing the removal question in terms of § 1367 is a three-step process in the present case. Because § 1367(a) confers supplemental jurisdiction to the limits of Article III of the Constitution except as expressly provided by federal statute, the court first considers whether a federal statute withdraws jurisdiction over Cedillo's workers' compensation retaliation claim.[12] The court determines second whether it otherwise has supplemental jurisdiction. If the claim is within the court's supplemental jurisdiction, the court must exercise such jurisdiction unless one of the four categorical exceptions in § 1367(c) is satisfied. The court therefore analyzes third whether any of these considerations warrants declining to exercise supplemental jurisdiction.

■ The court turns to the first step. For reasons already set out, *see supra* § III(B), the court declines to read § 1445(c) as a federal statute that withdraws subject matter jurisdiction from a federal court to hear a retaliation claim arising under the workers' compensation law of the forum state. The court is unaware of any other federal statute that arguably could be understood to deprive the court of subject matter jurisdiction.

The court next considers whether Cedillo's retaliation claim is within the court's supplemental jurisdiction when measured in relation to Cedillo's federal question claim under the ADEA.[13] This analytical

**12.** Section 1367(b), which precludes the exercise of supplemental jurisdiction in actions in which jurisdiction is founded solely on diversity of citizenship, has no application in the instant case.

**13.** This determination is made as a threshold matter on the basis of the plaintiff's state court

petition. *Gibbs* makes clear, however, that "the issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation." 383 U.S. at 727, 86 S.Ct. at 1139. The court does not read § 1367 to change this principle. Therefore, although the court holds today that all of Cedillo's claims are

step is best probed in terms of the pendent jurisdiction components of supplemental jurisdiction.

Pendent jurisdiction jurisprudence is familiar, involving both notions of Article III power and of federal court discretion. The power of a federal court with jurisdiction over a federal question to exercise jurisdiction over a pendent claim is very broad. *See* 13B Wright, Miller & Cooper § 3567.1 at 114. Such jurisdiction exists when the relationship of the state claim to the federal question claim is sufficient to permit the conclusion that the entire action before the court comprises but one constitutional case. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The state and federal claims must derive from a common nucleus of operative fact. *Id.* A federal court is empowered to hear both federal and state claims if the claims are such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding. *Id.*

Not all retaliation claims will fall within this broad constitutional grant of power. The nature of the federal question theory or theories in the case are of course highly relevant. A retaliation claim may be too attenuated depending upon the facts on which the federal cause of action is based. Cedillo's retaliation claim, as reflected in his second amended petition, does have a sufficient nexus to the ADEA theory of recovery. He lists in ¶ 5(a)–(c) of his pleading three categories of discriminatory acts and alleges they constitute discrimination "on account of his age and compensation proceedings." This is a clear indication that plaintiff's federal ADEA and state workers' compensation civil actions are sufficiently related to permit the exercise of supplemental jurisdiction. The court must therefore allow removal of Cedillo's pendent retaliation claim unless § 1367(c) permits the court to decline to do so.

This conclusion brings the court to the third prong of its analysis, in which it considers whether it may refuse to exercise

supplemental jurisdiction. The decision whether to exercise pendent jurisdiction has always been a matter within the court's discretion. *See Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139 ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right"). Because § 1367(a) codifies pendent jurisdiction, the discretionary element of the doctrine is necessarily retained. But the statute also cabins that discretion by mandating that supplemental jurisdiction be exercised unless one of the categories in § 1367(c) is met. The court now examines these four considerations.

Section 1367(c)(3) has no application to the present facts. The court therefore considers whether Cedillo's retaliation claim raises novel and complex issues of state law, substantially predominates over his ADEA claim, or presents exceptional circumstances or other compelling reasons for declining jurisdiction. *See* § 1367(c)(1)–(2) and (4).

Cedillo's retaliation claim is a straightforward one under Texas law. To prove retaliation the plaintiff "has the burden of establishing a causal link between the firing and the employee's claim for worker's compensation benefits. Once the link has been established the employer must rebut the alleged discrimination by showing there was a legitimate reason behind the discharge." *Hughes Tool Co. v. Richards*, 624 S.W.2d 598, 599 (Tex.App.1981, writ ref'd n.r.e.), *cert. denied*, 456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982). These are not especially novel and complex issues when viewed in relation to the similar burden shifting and proof regimens of an ADEA claim. *Cf., e.g., Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1504–05 (5th Cir.1988) (discussing ADEA proof burdens).

Cedillo's workers' compensation action does not predominate over his ADEA claim. The theories are, in fact, interrelated and

removable, subsequent developments in the case may make the supplemental jurisdiction theo-

ries subject to remand to state court.

arise from conduct that the plaintiff alleges caused his termination.[14]

The retaliation claim does not present exceptional circumstances or other compelling reasons for declining jurisdiction. In the present case there appear to be two considerations relevant to divining the presence of such circumstances and factors.

The first is whether workers' compensation claims that could not otherwise be removed by virtue of express congressional action should be entertained when appended to a removable federal question claim. This is the consideration the *Jones* panel addressed. Because only the retaliation claim remained, the panel thought it appropriate that the case be returned to state court. There are certainly repeated instances in Fifth Circuit jurisprudence where the court has evinced a somewhat cold juridical shoulder to hearing unnecessarily state workers' compensation-type claims. *See, e.g., Jones,* 931 F.2d at 1092 ("Because Congress intended that all cases arising under a state's workers' compensation scheme remain in state court, we believe that we should read section 1445(c) broadly to further that purpose"); *Kay v. Home Indem. Co.,* 337 F.2d 898, 901 (5th Cir.1964) ("we see nothing to suggest that we should strain to find a way to entertain workmen's compensation suits").

This court does not find the exercise of supplemental jurisdiction over a claim that comes within § 1445(c) to be unwarranted when the claim has a sufficiently close nexus to a federal question civil action so as to fall within that jurisdiction. Congress enacted § 1445(c) "[t]o restrict diversity jurisdiction and to stop the removal of compensation cases which were increasing the already overburdened docket of the federal courts." *Jones,* 931 F.2d at 1091.

This underlying purpose for § 1445(c) becomes largely irrelevant when the plaintiff also alleges in state court a removable federal question claim.[15] Nothing about § 1445(c) justifies erecting it as a *per se* bar to exercising pendent jurisdiction when the usual considerations warrant this approach.

The second relevant consideration focuses not upon § 1445(c) but upon the nature of the federal question to which the retaliation claim is appended. Courts have not uniformly found it appropriate to exercise pendent jurisdiction over state law claims when the sole federal claim is grounded on the ADEA. *Compare Ritter v. Colorado Interstate Gas Co.,* 593 F.Supp. 1279, 1285 (D.Colo.1984) (declining to exercise jurisdiction over pendent state claims for breach of contract and breach of covenant of good faith and fair dealing in ADEA case); *James v. KID Broadcasting Co.,* 559 F.Supp. 1153, 1157 (D.Idaho 1983) (dismissing pendent state claims in ADEA and Title VII action where pendent state issues predominated in terms of comprehensiveness of remedy sought and there was real likelihood of jury confusion); *Deutsch v. Carl Zeiss, Inc.,* 529 F.Supp. 215, 219 (S.D.N.Y.1981) (declining to exercise pendent jurisdiction over state age discrimination claim where to do so would permit indirect recovery of compensatory damages); *Douglas v. American Cyanamid Co.,* 472 F.Supp. 298, 306 (D.Conn.1979) (refusing to exercise jurisdiction over defamation claim); *Hannon v. Continental Nat'l Bank,* 427 F.Supp. 215, 218 (D.Colo. 1977) (state tort claims for intentional infliction of emotional distress or loss of reputation in the community would not be heard with ADEA claim), *with Promisel,* 943 F.2d at 258 (affirming district court's exercise of pendent jurisdiction over state

---

**14.** Cedillo's ADEA and TCHRA age discrimination claims are factually identical although the remedies are different. *See, e.g., Promisel,* 943 F.2d at 254 (plaintiff's state law age discrimination claim clearly derived from same nucleus of operative fact as his federal ADEA claim).

**15.** Moreover, exercising jurisdiction does not unfairly deprive the plaintiff of a state forum. Removal is triggered, not because the parties are diverse citizens, but because the plaintiff's

well-pleaded complaint—over which he is master—has provided the predicate for removal. To avoid this result the plaintiff can simply opt not to plead a federal question claim. Or, if he is displeased with the federal forum, the plaintiff can drop any federal claims and seek remand to state court. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 357, 108 S.Ct. 614, 622, 98 L.Ed.2d 720 (1988).

law age discrimination claim); *Rechsteiner v. Madison Fund, Inc.*, 75 F.R.D. 499, 506 (D.Del.1977) (court would exercise jurisdiction over breach of contract claim pendent to ADEA claim); *Fellows v. Medford Corp.*, 431 F.Supp. 199, 202 (D.Or.1977) (without addressing issue, exercising jurisdiction over ADEA and pendent state claims that implicated age discrimination). This court's reading of the cases that decline to exercise pendent jurisdiction discloses no peculiarity about the ADEA that renders it an unsatisfactory predicate for appropriate pendent claims. Indeed the opinions appear either expressly to analyze the jurisdiction question in terms of *Gibbs'* teachings or implicitly conduct a *Gibbs*-type assessment.[16] These decisions likely must now be interpreted in the context of § 1367(c), but even if they need not, the court concludes under a traditional *Gibbs* analysis that ADEA claims present no *per se* impediment to the exercise of supplemental jurisdiction.

In *Gibbs* the Court spoke in broad terms of the pendent jurisdiction doctrine's justification, including considerations of judicial economy, convenience, and fairness to litigants. 383 U.S. at 726, 86 S.Ct. at 1139. It warned that needless decisions of state law should be avoided, *id.*, and indicated that pendent claims could be dismissed where it appeared state issues predominated in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought. *Id.* For the reasons set out above, the court discerns no predominance of state issues. The court in this case will not be called upon to make needless state law decisions. The scope of the issues raised presents no impediment to the exercise of supplemental jurisdiction. The age claims overlap in proof and the retaliation claim is sufficiently related to the ADEA theory to permit the exercise of supplemental jurisdiction.

The remedies sought do not precisely coincide, but the court does not find that this difference warrants bifurcating this case. The present action is unlike the cases cited above, in which courts have declined to exercise pendent jurisdiction where the state remedies appeared substantially broader than available ADEA relief, and the right to trial by jury depended upon the federal and state nature of the claims. The TCHRA has been interpreted to accord a plaintiff such as Cedillo only equitable relief. *See Central Power & Light Co. v. Caballero*, 804 S.W.2d 534, 543 (Tex.App.1990, writ filed) (TCHRA authorizes only equitable relief and discretionary attorney's fees). It is apparently narrower—not broader—in remedial scope than is the ADEA. And while Cedillo has a right to a jury trial of his retaliation claim, he also has such a right with respect to his ADEA action. The presence of the retaliation claim does not therefore fundamentally alter the nature of the trial process.

The court concludes that no factors permitted by § 1367(c) warrant declining to exercise supplemental jurisdiction over Cedillo's retaliation claim. The claim was therefore properly removed within this court's supplemental jurisdiction as a claim pendent to Cedillo's ADEA cause of action.

\* \* \*

Cedillo's motion to remand is denied.

SO ORDERED.

---

**16.** An exception to this is *Pandis v. Sikorsky Aircraft Div. of United Technologies Corp.*, 431 F.Supp. 793, 795–96 (D.Conn.1977). *Pandis* declined to exercise pendent jurisdiction over a state law age discrimination claim because it interpreted 29 U.S.C. § 633(a) to preclude a plaintiff from alleging a pendent state age discrimination claim in a federal court action when the state claim was still pending before a state administrative agency and could not have been brought in state court. *See id.* at 796. This analysis was recently disapproved, however, in *Promisel*, 943 F.2d at 255–256.