**Jacqueline J. JAMES, Plaintiff,**

v.

**SUN GLASS HUT OF CALIFORNIA, INC., Defendant.**

**Civ. A. No. 92–B–949.**

United States District Court, D. Colorado.

Sept. 16, 1992.

Michael S. Burg, Ashley R. Kilroy, Burg & Eldredge, P.C., Denver, Colo., for plaintiff.

Karen J. Mathis, Laura A. Ditges, The Mathis Law Firm, P.C., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant moves to dismiss plaintiff's state law claims for lack of supplemental jurisdiction under 28 U.S.C. § 1367. Defendant also moves to strike a portion of plaintiff's ad damnum clause to bring it into conformity with the damages allowed by the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* The issues are adequately briefed and oral argument will not materially aid their resolution. Because the state law claims predominate over the lone federal question, I decline to exercise my supplemental jurisdiction and defendant's motion to dismiss is granted. Further, compensatory and punitive damages are not available under ADEA and, therefore, that portion of plaintiff's ad damnum clause requesting such damages is stricken.

In her first claim for relief, plaintiff alleges that she was terminated from her employment with defendant because of her age. In her second through seventh claims for relief, plaintiff brings claims for breach of contract, promissory estoppel, fraud, negligent misrepresentation, bad faith, and outrageous conduct. Federal jurisdiction exists only by virtue of plaintiff's ADEA claim, 28 U.S.C. § 1331.

### I.

As part of the Judicial Improvements Act of 1990, P.L. No. 101–650, 104 Stat. 5089 (Dec. 1, 1990), Congress combined the doctrines of pendent and ancillary jurisdiction under the rubric "supplemental jurisdiction." Applying to all cases filed after December 1, 1990, the new statute provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). With this statute, Congress intended to codify the doctrine of pendent jurisdiction. *Walter Fuller Aircraft Sales v. Republic of Philippines*, 965 F.2d 1375, 1389 n. 10 (5th Cir.1992); *Promisel v. First American Artificial Flowers*, 943 F.2d 251, 254 (2d Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 939, 117 L.Ed.2d ʼ110 (1992); *Salazar v. City of Chicago*, 940 F.2d 233, 243 n. 2 (7th Cir.1991); *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3rd Cir.1991). *See also,* H.R.Rep. No. 101–734, 101st Cong., 2d Sess., at 27–28, 1990 U.S.Code Cong. and Admin.News 6802, 6873–74.

Because it is a codification of the old pendent jurisdiction doctrine, courts applying § 1367 have continued to rely on *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) in assessing whether a state law claim is "so related" to a federal claim as to constitute the same case or controversy. *Promisel*, 943 F.2d at 254; *Sinclair*, 935 F.2d at 603; *Cedillo v. Valcar Enterprises*, 773 F.Supp. 932, 939 (N.D.Tex.1991). *See also,* 13B Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3567.3 (1992 Supp.), (Section 1367 "ratifies and incorporates the constitutional analysis the Supreme Court made in the *Gibbs* case"). Thus, under § 1367, state law claims are part of the same constitutional case if "they derive from a common nucleus of operative fact," and "are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. *See also, Promisel*, 943 F.2d at 254; *Sinclair*, 935 F.2d at 603; *Cedillo*, 773 F.Supp. at 940.

The decision whether to exercise pendent jurisdiction has traditionally been a matter within the court's discretion. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. Because § 1367 codifies pendent jurisdiction, the discretionary element is necessarily retained. *Cedillo*, 773 F.Supp. at 940. "But the statute also cabins that discretion by *mandating* that supplemental jurisdiction be exercised *unless* one of the categories in § 1367(c) is met." *Id.,* (emphasis added). *See also,* Wright, Miller & Cooper, *supra,* § 3567.3, ("The circumstances in which a court may exercise discretion to refuse to hear a case within its supplemental jurisdiction are quite strictly defined"). Section 1367(c) provides in relevant part

that a district court may decline to exercise supplemental jurisdiction if the state law claims substantially predominate over the federal claim.

■ Here, plaintiff essentially brings three sets of state law claims. The first set alleges breach of her employment contract. Next, plaintiff alleges that she detrimentally relied on defendant's alleged misrepresentations concerning her job security. Finally, she alleges that defendant's age-based termination constitutes bad faith and outrageous conduct. Even assuming that these claims are within my supplemental jurisdiction, they clearly predominate over the lone federal claim. Plaintiff's contract and fraud claims require elements of proof that are distinct and foreign to her ADEA claim. These claims would substantially expand the scope of this case. Moreover, all the state law claims involve damages not available under ADEA, again causing a substantial expansion of this action beyond that necessary and relevant to the federal claim. Therefore, I conclude that the state law claims substantially predominate over the federal claim and I decline to exercise my supplemental jurisdiction, if any.

## II.

■ Defendant also moves to strike those portions of plaintiff's ad damnum clause which request damages not available under ADEA. A motion to strike is proper where a pleading contains any "immaterial" matter. Fed.R.Civ.P. 12(f). In the Tenth Circuit, an ADEA plaintiff may not recover compensatory or punitive damages. *Bruno v. Western Electric Co.*, 829 F.2d 957, 966 (10th Cir.1987), (No punitive damages under ADEA); *Perrell v. Financeamerica Corp.*, 726 F.2d 654, 657 (10th Cir. 1984), (No pain and suffering or emotional distress damages under ADEA). Therefore, those portions of plaintiff's ad damnum clause requesting compensatory or punitive damages are immaterial and are stricken. To forestall future confusion between the parties, I interpret the remaining portions of the complaint as requesting all

relief to which an ADEA plaintiff is entitled. *See,* Fed.R.Civ.P. 54(c).

Accordingly, IT IS ORDERED THAT:

(1) Defendant's motion to dismiss is GRANTED;

(2) Defendant's motion to strike is GRANTED;

(3) Plaintiff's second through seventh claims for relief are DISMISSED without prejudice; and,

(4) Plaintiff's request for compensatory and punitive damages is STRICKEN.