Benjamin HOOVER, Jr., Plaintiff,

v.

GERSHMAN INVESTMENT CORP., Defendant.

Civ. A. No. 91–10851–S.

United States District Court, D. Massachusetts.

Sept. 17, 1991.

Benjamin Hoover, Jr., pro se.

P. Sabin Willett, Daniel L. Goldberg, Bingham, Dana & Gould, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTIONS TO DISMISS AND MOTION FOR RULE 11 SANCTIONS

SKINNER, District Judge.

*Background*

This case arises out of a series of disputes surrounding a foreclosure by defendant Gershman Investment Corp. (Gershman) on a Missouri residence then owned by *pro se* plaintiff Benjamin Hoover, Jr., in joint tenancy with his parents Benjamin Hoover, Sr., (Hoover, Sr.) and Gloria Hoover, who are both residents of Missouri. Defendant is an Arkansas corporation with its principal place of business in Missouri. Plaintiff claims to be a Massachusetts citizen attending law school in the city of Boston, but this claim is challenged by the defendant.

In June 1985 all three Hoovers executed a Deed of Trust Note (Note) and a Deed of Trust in favor of Gershman, to secure a mortgage loan for a residence located at 8108 Packard Ave., St. Louis, Missouri. As part of the financing, plaintiff and his parents contracted for homeowner's insurance with Republic Insurance (Republic). At the same time, plaintiff's father took out mortgage insurance through Omaha Financial Life Insurance Company (Omaha) to pay off the loan in case of death or disability.

In July 1987, plaintiff's father claimed complete disability and applied to Omaha for payments. Omaha subsequently began making the mortgage payments, as per the policy, for the period of Hoover, Sr.'s disability. However, in May 1989, plaintiff's father wrote Omaha asking them to stop making mortgage payments, presumably because he had not been disabled since March 10, 1989. On July 11, 1989, believing the Hoovers to be in default, Gershman commenced a foreclosure proceeding in St. Louis County. At the foreclosure sale Gershman bought the residence, but the plaintiff and his parents refused to vacate the property. Instead, the Hoovers (including the plaintiff in this action) unsuccessfully sued Gershman and others in Missouri federal court action for wrongful foreclosure. District Judge Clyde S. Cahill dismissed the Hoover's complaint on 12(b)(6) grounds since "under Missouri law, there is no cause of action for attempted wrongful foreclosure." *Benjamin Hoover, Sr., et al., v. United States Department of Housing and Urban Development, et al.,* No. 89–1665–C–4, 12–13, 1990 WL 312545 (E.D.Mo. May 23, 1990) (citing MO.REV.STAT. §§ 443.410–440 (1986) and *Reese v. First Missouri Bank & Trust Co.,* 736 S.W.2d 371, 373 (Mo. *en banc* 1987), *aff'd,* No. 90–2083, (8th Cir.1991).

On December 15, 1989, while all three Hoovers remained living in the house, it was partially destroyed by fire. (Complaint, ¶ 6). After joint disbursement of the fire insurance proceeds to plaintiff's parents and defendant on January 31, 1991, a dispute between the Hoovers and Gershman arose as to ownership. When Gershman claimed that the fire insurance proceeds belonged to it, Hoover Sr. brought a breach of contract action against Gershman in the Circuit Court of St. Louis County, Missouri. Plaintiff's father claimed that defendant Gershman breached the 1985 Deed of Trust by refusing to use the funds to either repair the house or reduce the amount of the note. Gershman filed a separate declaratory judgment action in Missouri Circuit Court seeking a determination of its rights to the proceeds. Both actions are still pending before the Circuit Court of St. Louis County, Missouri.

Sometime after January 29th, 1990, plaintiff claims that both he and his parents moved back into the house. (Complaint, ¶ 6). As a result, in February, 1991, Gershman obtained an unlawful detainer judgment against Benjamin Hoover, Sr. and Gloria Hoover from a Missouri Circuit Court, and was awarded restitution of the property. (Aff. of Bruce A. Sandweiss, exh. H). On April 18, 1991, Gershman also obtained a default judgment against the plaintiff, Benjamin Hoover, Jr., for his unlawful detainer of the property. (Sandweiss, exh. F).

On March 18th, 1991, plaintiff, acting *pro se,* filed a diversity action in this court alleging 1) a breach of the 1985 Deed of Trust by Gershman for failure to repair the residence at 8108 Packard Ave., St. Louis, Missouri, or apply the fire insurance proceeds to the mortgage debt, 2) the invalidity of the June 11, 1989 foreclosure, 3) the invalidity of the Missouri Circuit Court's unlawful detainer judgment of February 7, 1991 against plaintiff's parents (¶¶ 8), and 4) fraud by Gershman with respect to the fire insurance proceeds and the 1985 Deed of Trust. Plaintiff seeks combined compensatory damages of over $248,000, and punitive damages in the amount of $200,-000.

On April 4, 1991, plaintiff also executed a petition for removal of his Missouri Circuit Court proceeding for unlawful detainer to this court. (Plaintiff's affidavit, ¶ 12). As noted above, a default judgment in the Missouri Circuit court action for unlawful detainer was entered against plaintiff on April 18, 1991. The removal petition was assigned to this action, No. 91–10851–S.

Defendant now moves for summary dismissal of plaintiff's removal petition, pursuant to 28 U.S.C. § 1446(c)(4). Similarly, defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim, pursuant to Federal Rules of Civil Procedure (F.R.C.P) 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) respectively. Defendant also

moves for the imposition of sanctions against the plaintiff pursuant to F.R.C.P. 11.

*Discussion*

Defendant's motion for summary dismissal of plaintiff's petition for removal

■ Federal law only allows for the removal of a civil action of which a district court has original jurisdiction "to the District Court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is no provision of federal law which would permit a defendant to remove an action to a federal court sitting in a district and division other than that where the state court action is pending. Therefore plaintiff's attempt to remove his Missouri state court proceeding for unlawful detainer to this Massachusetts federal district court is clearly in error, and hereby summarily denied. 28 U.S.C. § 1446(r)(4).

Defendant's motion to dismiss plaintiff's complaint

■ The plaintiff's complaint alleges subject matter jurisdiction solely pursuant to 28 U.S.C. § 1332(a)(1)'s grant of diversity jurisdiction to the federal courts. There must be complete diversity, i.e., each plaintiff must be a citizen of a different state than each defendant. *See Strawbridge v. Curtiss*, 7 U.S. 267, 2 L.Ed. 435 (1806). The defendant having challenged plaintiff's jurisdictional allegations, the burden of proof is on plaintiff to show that subject matter jurisdiction exists. *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942); *Media Duplication Services, Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1235 (1st Cir.1991). Unlike a Rule 12(b)(6) motion, "no presumption of truthfulness attaches to jurisdictional allegations challenged by a Rule 12(b)(1) motion." *Id.* at 1235–36. Because both sides have submitted affidavits with their memorandums of law, defendant's motion to dismiss will be treated as one for summary judgment.

Plaintiff has been unable to carry his burden of proof on the issue of subject matter jurisdiction. Plaintiff has not sufficiently demonstrated that he is a Massachusetts citizen. Even if this *pro se* plaintiff is presumed a Massachusetts citizen for purposes of this Rule 12(b)(1) motion, his parents, whose Missouri citizenship would destroy complete diversity in this action, are indispensable parties to this action under Rule 19.

■ For purposes of assessing diversity, state citizenship and domicile are equivalents. *Rodriguez–Diaz v. Sierra–Martinez*, 853 F.2d 1027, 1029 (1st Cir.1988). "To effect a change in domicile, two things are required: 'First, residence in a new domicile; second, the intention to remain there.'" *Valendon Martinez v. Hospital Presbiteriano*, 806 F.2d 1128, 1132 (1st Cir. 1986) (quoting *Hawes v. Club Ecuestre el Comandante*, 598 F.2d 698, 701 (1st Cir. 1979)).

■ On August 23, 1990 plaintiff informed a Missouri federal district court that he was "a resident of Saint Louis County, Missouri, and residing at 8108 Packard Ave." Plaintiff's complaint of March 18, 1991 and subsequent affidavit claim that he is now a citizen of Massachusetts, attending "Boston School of Law". However, plaintiff has provided no evidence of a Massachusetts domicile such as a school dormitory or other residential address. Ordinarily, mere presence in a state to attend school does not imply a change of residence, and is generally regarded as transitory. Even so plaintiff has neglected to adduce significant evidence of school enrollment within the state, or even to identify a known law school which he is attending. All plaintiff has provided is a Boston post office box number, and his own sworn affidavit that he moved to Massachusetts in 1989 and is currently a resident of Massachusetts.

Weighed against plaintiff's unsupported allegations, defendant's uncontradicted affidavits cast serious doubt on plaintiff's claim of Massachusetts citizenship. At ¶ 2 of plaintiff's affidavit, plaintiff swears that he changed his place of domicile to Massachusetts in 1989. Yet in August 1990 he swore to a Missouri federal court that he

was "a resident of Saint Louis County Missouri and residing at 8108 Packard Ave." On March 21, 1991, *four days after his filing of this present action,* plaintiff stated in [Missouri Circuit Court] that he was "in possession of the premises known as 8108 Packard, St. Louis County, Missouri and intended to continue to possess same." (Affidavit of Richard G. Byrd, ¶ 12). As of April 3, 1991 plaintiff was a registered voter in the state of Missouri. (Byrd, exh. D).

Even plaintiff's complaint strongly implies that his permanent domicile remained in Missouri as of late January of 1991. Only after defendant refused to sign over the insurance check did the Hoovers repair the house on their own. "Thereafter, the *plaintiff Benjamin Hoover, Jr.,* Benjamin Hoover, Sr., and Gloria Hoover moved back into the house in which they had paid for having repaired." (Complaint, ¶ 6) (emphasis supplied).

I recognize that a less stringent standard is generally applied to pleadings drafted by *pro se* litigants when a Rule 12(b)(6) motion is at issue. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (a *pro se* complaint "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'"); *Ferranti v. Moran,* 618 F.2d 888, 890 (1st Cir.1980). But because a Rule 12(b)(1) and not a Rule 12(b)(6) is foremost at issue in this case, I do not believe that the liberal pleading standard of *Estelle* should preempt the normal burdens of proof for contested diversity jurisdiction. A duty to be more liberal with *pro se* complainants does not require this court "to conjure up unpled allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1979). I find that plaintiff has not sustained his burden of proof that he is a Massachusetts citizen. Thus plaintiff's complaint must be dismissed for a lack of subject matter jurisdiction.

■ Even if this court were to assume Massachusetts citizenship for purposes of defendant's Rule 12(b)(1) motion to dismiss, plaintiff's claim would still have to be dismissed because plaintiff's parents are indispensable parties whose joinder would destroy complete diversity. Plaintiff's parents are indispensable parties under F.R.C.P. Rule 19 because both have a legally protected interest in the subject matter of the case without whom the court can not "in equity and good conscience" proceed. Rule 19(b). *See generally,* 3A J. Moore, *Federal Practice,* ¶ 19.1072 at 19–99 (1990). Plaintiff alleges he shared the property in joint tenancy with his parents before the foreclosure, and that the plaintiff's father is currently engaged in overlapping litigation in Missouri state court. Accordingly, plaintiff's parents share an undeniable interest in this action. *See In re Dinkins,* 79 B.R. 253, 257 (E.D.Pa.1987). Gershman also would be severely prejudiced by allowing this action to continue without plaintiff's parents, because it would thus be exposed to the threat of multiple litigation. I alternatively dismiss plaintiff's complaint in light of the equitable powers vested in me by Rule 19(b).

Given the lack of subject matter jurisdiction or, alternatively, the inequity of proceeding in this action without plaintiff's parents, there is no need to rule definitively on the other strong grounds for dismissal of plaintiff's action raised under Rule's 12(b)(2), 12(b)(3), and 12(b)(6).

*Defendant's Motion for Sanctions Under F.R.C.P. Rule 11*

■ When an attorney or an unrepresented party submits a pleading, motion, or other paper to a federal court, his signature constitutes a certification that he has read it and formed a belief after reasonable inquiry that it is 1) well grounded in fact, 2) warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and 3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Rule 11. Rule 11 states that when a pleading, motion, or other paper violates this rule, the court "shall" impose sanctions. While *pro se* pleadings are viewed less stringently, courts and Rule 11 itself indicate that Rule applies to represented

and *pro se* parties alike. *LeFebvre v. Commissioner,* 830 F.2d 417, 420 (1st Cir.1987); *Garrison v. Merced,* No. 89–13–Mc.,slip op., 1989 WL 90438 (D.Mass. July 31, 1989); F.R.C.P Rule 11, Notes of Advisory Committee on 1987 Amendment.

Plaintiff's complaint and affidavit were not well grounded in fact. When plaintiff filed it on March 18, 1991 he claimed to be a Massachusetts citizen. Yet in August of 1990 plaintiff filed a pleading in Missouri federal court, in a related action, stating that he is a Missouri citizen. In March 1991, in Missouri Circuit Court, plaintiff stated in open court that he was in possession of 8108 Packard Avenue, St. Louis County, Missouri, and intended to continue in possession. In addition, despite three extensions for plaintiff to respond to defendant's motion to dismiss, plaintiff has failed to provide a residential address or any significant evidence that he is actually domiciled in Massachusetts.

Nor is plaintiff's complaint or petition for removal well grounded in law or a good faith argument for the extension, modification or reversal of existing law. It is hornbook law that in order for diversity jurisdiction to exist, there must be complete diversity between all the plaintiff's and all the defendants. As a Missouri citizen suing an Arkansas corporation with its principal place of business in Missouri, plaintiff should have realized his petition was not well grounded in law. A brief look at a treatise on federal jurisdiction would have also revealed that plaintiff's parents are indispensable parties to this action under Rule 19, and that being Missouri citizens their joinder would destroy diversity jurisdiction. The same reference guide would have told the plaintiff that a state civil action may only be removed to a federal district court in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) Neither plaintiff's complaint nor his removal petition were well grounded in law.

Both plaintiff's complaint and petition for removal also evidence an improper purpose; namely, to relitigate or delay actions already decided or pending in Missouri state and federal courts. Plaintiff's own affidavit provides a disturbing insight into plaintiff's intent in petitioning for removal. Plaintiff swears,

> On April 4, 1991, I filed a removal action, in Massachuseetes [sic] Federal District. Attorney Byrd had Attorney Sabin Willet to file a petition to dismiss the removal action.... The rule is explicitly clear that a state court is not to proceed no [sic] further on a removal action.

(Plaintiff's Affidavit, ¶ 12). Plaintiff's statement illustrates two things. One, that plaintiff had a familiarity with the federal removal statute, and two, that the purpose behind plaintiff's petition was to stall a state court action proceeding against him for unlawful detainer. Plaintiff's complaint and petition for removal to Massachusetts could only "cause unnecessary delay or needless increase in the cost of litigation" (Rule 11), I find that it was interposed for an improper purpose, and violates Rule 11.

ACCORDINGLY, the defendant's motions to dismiss and motion for sanctions are *allowed.* Judgment of dismissal shall enter forwith. An order of notice shall issue to the plaintiff to show cause why he should not be sanctioned under Rule 11.