**Daniel E. SCHRAMEK and Thomas Delor, Plaintiffs,**

v.

**Paula Corbin JONES, Defendant.**

No. 94–868–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

April 12, 1995.

Daniel E. Schramek, St. Petersburg, FL, pro se.

Thomas Delor, Clearwater Beach, FL, pro se.

Joseph Cammarata, Gilbert K. Davis, Gilbert K. Davis & Associates, Fairfax, VA, Richard L. Cox, Jr., Law Office of Richard L. Cox, Jr., Tampa, FL, for defendant Paula Corbin Jones.

## ORDER ON RULE 11 SANCTIONS

KOVACHEVICH, District Judge.

This cause is before this Court on Defendant's motion to impose sanctions on *pro se* Plaintiffs, pursuant to Rule 11, Fed.R.Civ.P. (Docket No 36). Plaintiffs have not timely filed a memorandum in response. The Plaintiffs have, however, filed a notice of appeal of the Court's order of February 21, 1995, which granted the Defendant's motion to dismiss.

### STANDARD OF REVIEW

In the Eleventh Circuit, three (3) types of conduct warrant Rule 11 sanctions: when a party files a pleading that has no reasonable factual basis; when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as reasonable argument to change existing law; and when a party files a pleading in bad faith or for improper purpose. *Didie v. Howes*, 988 F.2d 1097 (11th Cir.1993). Rule 11 sanctions are mandatory when a signed paper is submitted to the court under the aforementioned conditions. *See, e.g., Burnette v. Godshall*, 828 F.Supp. 1439 (N.D.Cal.1993).

### FACTS AND PROCEDURAL HISTORY

In May 1994, Defendant Paula Corbin Jones filed a private civil suit in the United States District Court for the Eastern District of Arkansas, against William Jefferson Clinton, President of the United States, and Danny Ferguson. Jones sought redress for alleged violations of her constitutional rights, and for damage to her reputation arising from alleged sexual harassment by Defendants Clinton and Ferguson.

On May 27, 1994, Plaintiffs in the instant case filed a complaint against Defendant Jones in this Court. Plaintiffs allege that, by filing a lawsuit against the President of the United States, Jones has maliciously and tortiously interfered with an alleged contract between the President and the citizens of the United States for effective governance.

On November 29, 1994, Plaintiffs sought an extension of time to respond to Defendant's Motion to Dismiss, raised the issue of

sanctions, and imputed to Defendant's counsel the improper motive of delay in filing the Motion to Dismiss.

On December 28, 1994, Plaintiffs, in a Motion to Vacate Defendant's Motion to Dismiss, suggested to the Court that Counsel to Defendant might have uttered forged case reports and a crime and a fraud on the tribunal. Defendant asserts that this charge by Plaintiff is defamatory per se.

On January 9, 1995, Plaintiffs, filed an Objection to Defendant's Motion to Stay requirement for Case Management Meeting. Defendant alleges that Plaintiffs included false and defamatory statements and scandalous and indecent matter in this report.

Defendant filed a Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure on March 1, 1995 (Docket No. 36).

### DISCUSSION

■ A *pro se* litigant is subject to Rule 11, which imposes sanctions for the filing of baseless or frivolous lawsuits. *Merrigan v. Affiliated Bankshares of Colorado, Inc.*, 775 F.Supp. 1408 (D.Colo.1991), *aff'd* 956 F.2d 278, *cert. den.*, — U.S. ——, 113 S.Ct. 76, 121 L.Ed.2d 40 (1992). In *Hoover v. Gershman Inv. Corp.*, 774 F.Supp. 60 (D.Mass. 1991), Rule 11 sanctions were warranted against a *pro se* litigant to the extent that his affidavit, complaint, and petition for removal included allegations that he was a Massachusetts citizen for purposes of diversity, failed to name indispensable parties, and attempted to remove the matter to the incorrect district. The pleadings were not well grounded in fact, were not well grounded in law or good-faith argument for extension, modification, or reversal of existing law, and had the improper purpose of attempting to relitigate or delay other actions.

■ In the instant case, Plaintiffs demonstrated bad faith in filing a lawsuit designed to punish the Defendant for exercising her right to file a tort action. This lawsuit was designed to divert Defendant's attention from her lawsuit in a distant forum, to expose her to delays, and to increased costs and attorneys fees. The result is a waste of

judicial resources, costs to the Defendant and resulting inefficiencies and delays that affect adversely all actual and potential litigants in Federal courts. *Williams v. Revlon Co.*, 156 F.R.D.. 39 (S.D.N.Y.1994).

The case is filed in a venue where the defendant does not reside, own property, or conduct business. Furthermore, the plaintiffs' have admitted to the lack of subject matter jurisdiction in memoranda provided to the Court. (Docket Nos. 19 and 23).

Plaintiffs fail to cite supportive case law, case precedent or a good-faith argument for the reversal of current law in any of the documents submitted to this Court. From the face of the Plaintiff's Complaint, it is clear that Plaintiffs failed to make a reasonable inquiry into the law governing the filing of a legally viable Complaint in concerning the issues presented.

■ A party to a contract cannot be sued for tortious interference with that same contract. As citizens of the United States, Paula Corbin Jones would also be a party to the contract that Plaintiffs allege exists between the President and all citizens of the United States. Thus, she cannot be sued for interference with a contract from which she benefits.

In its response to Defendant's Motion to Dismiss, Plaintiff does not offer substantive argument against the legal arguments propounded in the Motion to Dismiss. Mistaken judgment, ignorance of law, or personal belief with regard to what the law should be do not provide litigant with excuse or defense if the signer of the pleading fails to make reasonable inquiry into facts and law supporting the pleading before filing. *Temple v. WIS-AP USA in Texas*, 152 F.R.D. 591 (D.Neb., 1993). Even the most cursory of pre-filing inquiry into the relevant facts and law here would have revealed that there was no legitimate cause of action in tort or contract.

Plaintiffs fail to assert any factual showing of direct or actual damage unique to them in the instant case. Plaintiff makes only conclusory statements that are not grounded in, or supported by fact.

■ In determining appropriate sanctions under Rule 11, the court should consider the nature of the violation, the circumstances in which it was committed, circumstances (including the financial state) of the individual to be sanctioned, and those sanctioning measures that would suffice to deter that individual from similar violations in the future. The court should also consider circumstances of the party who may have been adversely affected by the violation. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414 (Ohio C.A.6 1992). Imposition of Rule 11 sanctions usually serves two main purposes: deterrence and compensation. Encompassed within those objectives are related subsidiary goals of punishing litigation abuse and facilitating case management. *Navarro–Ayala v. Nunez*, 968 F.2d 1421 (C.A.1 Puerto Rico 1992).

■ Though the defendant has been wronged by the plaintiffs, the Court also recognizes the *pro se* status of the plaintiffs in the instant case. Realizing that plaintiffs do not have "deep pocket financial resources, imposition of financial sanctions would not be the best deterrent of future untoward behavior.

In *Ketchum v. Cruz*, 775 F.Supp. 1399 (D.Colo.1991), *aff'd*, 961 F.2d 916 (1992), *pro se* litigants who had filed numerous actions were prohibited from commencing any additional civil actions in the district without representation of a licensed attorney or by leave of the court to proceed *pro se*. This Court takes judicial notice of the fact that Plaintiff Schramek has been a party to fifteen (15) lawsuits in the Tampa Division alone.

To deter future abuse of the civil litigation system, the Court, in this instance, imposes Rule 11 sanctions by prohibiting the Plaintiffs from bringing any further civil actions without the benefit of counsel or prior leave of court. Accordingly, it is

**ORDERED** that the defendant's Motion for Rule 11 Sanctions (Docket No. 36) against the plaintiffs be **granted** and the Clerk of the Court be **directed** not to accept any future case filings by these plaintiffs unless represented by counsel or upon obtaining prior leave of court to proceed *pro se*.

**DONE and ORDERED.**