Justin ORDEN, Plaintiff,

v.

CORNELL UNIVERSITY, Brandon Frisbie, individually and as an Employee of Cornell University, John Doe I, individually and as an employee of Cornell University and "John Does" and "Jane Does" presently unnamed and unknown individual defendants, Defendants.

5:16–CV–0975 (DNH/DEP)

United States District Court, N.D. New York.

Signed March 22, 2017

OFFICE OF STEWART L. ORDEN, Attorneys for Plaintiff, 2 Overhill Road, Suite 400, Scarsdale, NY 10583, OF COUNSEL: STEWART L. ORDEN, ESQ.

CORNELL UNIVERSITY OFFICE OF COUNSEL, Attorneys for Defendants Cornell University and Brandon Frisbie, 300 CCC Building, Garden Avenue, Ithaca, NY 14853, DAVID N. HURD, United States District Judge, VALERIE L. DORN, ESQ., JARED M. PITTMAN, ESQ., WENDY E. TARLOW, ESQ.

## MEMORANDUM, DECISION and ORDER

### I. INTRODUCTION

Plaintiff Justin Orden ("Orden") filed this civil rights action in New York State court on June 2, 2016 against defendants Cornell University ("Cornell"), Brandon Frisbie ("Frisbie", and collectively with Cornell, the "Cornell defendants") and John and Jane Doe defendants. In his complaint, Orden asserts the following causes of action, brought pursuant to 42 U.S.C. § 1983: (1) false arrest, (2) false imprisonment, (3) malicious prosecution and (4) abuse of process, and state law claims for (1) malicious prosecution, (2) abuse of process and (3) intentional infliction of emotional distress. On August 4, 2016, the Cornell defendants removed the action to the Northern District of New York.

Presently under consideration is: (1) plaintiff's motion to cure defect and transfer venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and (2) the Cornell defendants' cross motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Both motions are fully briefed and oral arguments were held on December 9, 2016 in Utica, New York.[1]

### II. FACTUAL BACKGROUND

Pursuant to the Complaint, Orden was a student at Cornell University at the relevant time. Defendant Frisbie was a peace officer employed by Cornell University. On November 2, 2013 at approximately 2:15 a.m., Frisbie pulled over a vehicle occupied by plaintiff and Ashley Nicola ("Nicola"), a student at Ithaca College. The basis of the traffic stop was Frisbie's observation that the vehicle did not have its headlights on. Plaintiff exited the vehicle on the passen-

ger's side door and was ordered back inside the car. Orden admits that he had been drinking alcohol but states that Nicola was operating the vehicle at all times. After being administered field sobriety tests by Frisbie, plaintiff refused to undergo a breathalyzer test. At that point, Frisbie arrested plaintiff for driving while intoxicated.

The Complaint asserts that Frisbie and another officer who observed the events filed false police reports and a fabricated supporting deposition of Nicola stating that Orden was driving the vehicle. Plaintiff was prosecuted by the District Attorney for Tompkins County, New York for driving while intoxicated. On June 3, 2015, the criminal case against plaintiff was dismissed in its entirety after the initial traffic stop was determined to be unlawful. Additionally, plaintiff was also prosecuted by the New York State Department of Motor Vehicles for refusing to undergo a breathalyzer test. On December 9, 2015, the NYS Department of Motor Vehicles dismissed its case against plaintiff.

On June 2, 2016, Orden filed this action in the Supreme Court of the State of New York in Westchester County. The Complaint was served on the Cornell defendants on July 27, 2016, after which they removed the case to the Northern District of New York on August 4, 2016. The Cornell defendants submitted their Answer on August 11, 2016. Plaintiff's counsel was admitted to practice in the Northern District on September 6, 2016. He further filed a jury demand with the Court on September 12, 2016 and filed his motion to transfer on September 14, 2016. Additionally, he served his initial disclosures on the Cornell defendants on September 14, 2016

---

1. At oral argument, the Court informed both parties that he was an alum of Cornell University and planned on participating in a moot court competition at Cornell Law School in February 2017. Both parties were given leave until December 30, 2016 to file a motion to recuse and neither party made such a motion.

and submitted a Case Management Plan on September 15, 2016.

## III. LEGAL STANDARDS

### (A) Improper Venue

■ Federal Rule of Civil Procedure 12(b)(3) provides that a party may move to dismiss or transfer an action on the grounds of improper venue. See FED. R. CIV. P. 12(b)(3). Pursuant to 28 U.S.C. § 1406(a), a district court where venue is improper may either dismiss, or "in the interest of justice," transfer the action to any district "in which it could have been brought." "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir.1993).

### (B) Failure to State a Claim.

When deciding a Rule 12(c) motion, the Second Circuit employs the same standard applicable to dismissals pursuant to Rule 12(b)(6). See L–7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011). To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Dismissal is appropriate only where the plaintiff has failed to provide some basis for the allegations that support the elements of his claims. See Twombly, 550 U.S. at 570, 127 S.Ct. 1955 (requiring "only enough facts to state a claim to relief that is plausible on its face"). When considering a motion to dismiss, the pleading is to be construed liberally, all factual allegations are deemed to be true, and all reasonable inferences must be drawn in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). On a motion pursuant to Rule 12(c), the court's determination "must be based solely on the allegations of the complaint and answer and any documents necessarily incorporated therein by reference." Butler v. Hogue, 2010 WL 4025893, at *2 (N.D.N.Y. Feb. 4, 2010) (M.J. Homer).

## IV. DISCUSSION

### (a) Orden's Motion to Transfer.

■ Orden requests that this action be transferred to the Southern District of New York (the "Southern District"). Plaintiff argues that the case was properly brought in Westchester County, New York, as plaintiff resides in that county, and that the Cornell defendants' removal of the case to the Northern District of New York (the "Northern District") was improper and contrary to 28 U.S.C. §§ 1441 & 1446. The Cornell defendants counter that plaintiff waived any objection to removal to the Northern District and that, otherwise, the Northern District is the appropriate venue to hear this case.

■ 28 U.S.C. § 1441(a) sets forth the requirements for removal of an action and Section 1446 provides the procedural requirements to effect such removal. 28 U.S.C. § 1441(a) provides in pertinent part that an action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1446(a) provides that "a defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United

States for the district and division within which such action is pending a notice of removal." 28 U.S.C. § 1446(a). "There is no provision of federal law which would permit a defendant to remove an action to a federal court sitting in a district and division other than that where the state court action is pending." Hoover v. Gershman Inv. Corp., 774 F.Supp. 60, 63 (D. Mass. 1991). However, removal to a district other than the district in which the state court action was brought "is a procedural defect, like improper venue, which is waived by the failure to object to it timely." Port Authority of New York v. American Warehousing of New York, Inc., 2004 WL 2584886, at *1 (S.D.N.Y. Nov. 10, 2004), see also Mortensen v. Wheel Horse Products, Inc., 772 F.Supp. 85, 89 (N.D.N.Y. 1991) (S.D.J. Munson) (Improper removal is "more akin to an improper venue situation."); Cook v. Shell Chemical Co., 730 F.Supp. 1381, 1382 (M.D. La. 1990).

As noted, Orden filed suit in Westchester County, New York, which geographically resides in the Southern District. As a result, 28 U.S.C. § 1441 would require that the case be removed to the Southern District. Therefore, the August 4, 2016 removal of this case to the Northern District was contrary to Section 1441.

The Cornell defendants argue that Orden waived his objection to the defective removal procedure as a result of his failure to timely object to it and by taking affirmative steps to litigate this case in the Northern District.

■ While there is not a fixed deadline with regards to objecting to such a venue defect when seeking a transfer pursuant to 28 U.S.C. § 1406, the Court does look to the time requirements placed on a party seeking remand to state court based upon a procedural defect in the removal process. 28 U.S.C. § 1447(c) provides, in pertinent part that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "[A]ll motions for remand, except those based on lack of subject matter jurisdiction—must be made within 30 days after removal or they are waived." Hamilton v. Aetna Life and Cas. Co., 5 F.3d 642, 643 (2d Cir. 1993). "Congress placed a strict time limit on motions to remand in order to prevent the delay, inefficiency, and unfairness resulting from late-stage, forum-shopping remand motions." Pierpoint v. Barnes, 94 F.3d 813, 817 (2d Cir.1996).

The Court finds that the thirty day deadline imposed to bring a motion to remand is sufficiently akin to Orden's present motion. Therefore, plaintiff failed to timely object to the alleged defect in the removal process and therefore waived such objection. Further, after removal, plaintiff's counsel took affirmative steps to move the case forward in the Northern District, including seeking admission to the Court, participating in preliminary discovery, serving his initial disclosures and submitting a Case Management Plan. If plaintiff wished to timely object to the case's removal to the Northern District, he could have hired counsel already admitted in the Northern District to file such an objection. As a result, plaintiff's motion to transfer this action to the Southern District based upon its improper removal will be denied as untimely.

■ The Court has also considered the relevant factors outlined by 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." See 28 U.S.C. § 1404(a). "Among the factors to be con-

sidered in determining whether to grant a motion to transfer venue 'are, inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" New York Marine and General Ins. Co. v. LaFarge North America, Inc., 599 F.3d 102, 112–14 (2d Cir. 2010) (quoting D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106–07 (2d Cir. 2006)).

█ Orden argues that the forum non conveniens factors are irrelevant as his request for a transfer to the Southern District is based upon the alleged improper removal pursuant to 28 U.S.C. § 1406(a) and not the inconvenience of the transferor forum pursuant to 28 U.S.C. § 1404(a). However, given that the Court has found that plaintiff's request for a transfer pursuant to Section 1406(a) was waived, it will also consider a transfer under the forum non conveniens principles.

Turning to the factors, Orden's choice of forum in the Southern District is entitled to "significant consideration" and will not be disturbed unless other factors weigh strongly of another district. See Royal & Sunalliance v. British Airways, 167 F.Supp.2d 573, 577 (S.D.N.Y. 2001). However, most of the other factors strongly weigh in favor of this case remaining in the Northern District. The locus of operative facts detailed in the Complaint took place in Ithaca, New York, within the Northern District, including the plaintiff's arrest and criminal proceedings. Additionally, the main campus of Cornell is in Ithaca. Further, review of the parties' Initial Disclo-

sures shows that most of the potential witnesses reside in the Northern District. While some potential witnesses presently reside out of state, only plaintiff currently resides in the Southern District. However, at the time of the incidents plaintiff was an undergraduate student at Cornell and resided in Ithaca.[2] Given the totality of the circumstances, the Northern District is the appropriate venue for this case when considering the convenience of the parties and witnesses and the interests of justice. In fact, other than plaintiff's present residence, the Southern District appears to have no other connection to this case.

Plaintiff's request to transfer this case to the Southern District will be denied.

### (b) Defendants' Cross Motion for Judgment on the Pleadings.

The Cornell defendants have cross moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendants seek dismissal of Cornell as it contends that the complaint fails to state a claim against it. Further, it seeks dismissal of all claims against Defendant Frisbie on the basis of qualified immunity.

### (i) Cornell University.

■ █ The Cornell defendants contend that the Complaint is insufficiently pled against Cornell itself. They argue that no claim can be brought directly against Cornell for the actions of individual officers because there is no respondeat superior or vicarious liability under 42 U.S.C. § 1983.[3]

█ The Supreme Court has made clear that "a municipality cannot be made liable" under § 1983 for acts of its employees "by application of the doctrine of re-

---

2. The other occupant in the plaintiff's vehicle was an undergraduate student at Ithaca College and resided in Ithaca during the relevant period.

3. It must be noted that the Cornell defendants may be liable under respondeat superior for the state law causes of action.

spondeat superior." Pembaur v. City of Cincinnati, 475 U.S. 469, 478, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). In order to prevail on a claim against a supervisory entity under section 1983 based on acts of an official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the supervisor caused the constitutional injury. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The fifth element—the "official policy" element—can only be satisfied where a plaintiff proves that a "policy of some nature caused a constitutional tort." Id. at 691, 98 S.Ct. 2018. In other words, "a [supervisory entity] may not be found liable simply because one of its employees committed a tort." Bd. of County Comm'rs v. Brown, 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

▇ In order to establish a municipal policy or custom, a plaintiff must demonstrate one or more of the following:

the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees.

Kaminski v. City of Utica, 2012 WL 4486074, at *2 (N.D.N.Y. June 28, 2012) (M.J. Peebles).

4. It must be noted that qualified immunity does not apply to the state law causes of

In the Complaint, Orden does cite respondeat superior as a basis of liability for Cornell University. However, plaintiff also alleges that the constitutional violations allegedly committed by Frisbie resulted from Cornell's failure to train its peace officers and failure to properly supervise such officers. Section 5709 of the New York State Educational Law establishes Cornell's authority to police its property and to employ peace officers that are appointed as special deputy sheriffs, with the powers set forth in New York State Criminal Procedure Law 2.20. Such peace officers are subject to the "supervision and control" of Cornell. N.Y. EDUCATION LAW 5709.

Broadly construed, Orden's complaint alleges that Cornell is responsible for the acts of its employees based upon their failure to properly train or supervise those employees. Therefore, plaintiff has stated a cause of action against Cornell sufficient to overcome defendants' motion for judgment on the pleadings.

▇ *Defendant Frisbie.*

▇ The Cornell defendants contend that the doctrine of qualified immunity shields Frisbie from any § 1983 liability as he was performing his job duties in an objectively reasonable manner on November 2, 2013.[4]

▇ Qualified immunity "shields police officers acting in their official capacity from suits for damages ... unless their actions violate clearly-established rights of which an objectively reasonable official would have known." Jones v. Parmley, 465 F.3d 46, 55 (2d Cir. 2006). The Supreme Court has established a two-part inquiry to determine when a district court should

action against Frisbie.

hold that the doctrine of qualified immunity bars a suit against government officials: (1) the court must first consider whether the facts alleged, when taken in the light most favorable to the party asserting the injury, demonstrate a violation of a constitutional right, and (2) the court must then consider whether the officials' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).

The Complaint alleges in part that Frisbie intentionally or recklessly ignored that Nicola was driving the vehicle in question on November 2, 2013, filed false and fraudulent police reports and a fabricated supporting deposition. If true, such actions would constitute constitutional violations. Given the pleadings, an objectively reasonable officer would know that such actions violated clearly established constitutional rights.

As a result, Frisbie is not entitled to qualified immunity.

## V. CONCLUSION

As Orden's objection to the defect in the Cornell defendant removal from New York State court was not made in a timely manner and the Northern District is otherwise the appropriate venue for this case, plaintiff's motion for a transfer will be denied. As the Complaint has sufficiently pled causes of action against both Cornell and Frisbie, the Cornell defendants' cross motion for judgment on the pleadings will be denied.

Therefore, it is ORDERED that:

1. Plaintiff's motion to cure defect and transfer venue (ECF No. 10) is **DENIED;**

2. The Cornell defendants' cross motion for judgment on the pleadings (ECF No. 15) is **DENIED.**

IT IS SO ORDERED.